## 44468. RICHMOND COUNTY HOSPITAL AUTHORITY v. BROWN et al.
### (361 SE2d 164)

GREGORY, Justice.

Certiorari was granted in *Brown v. Coastal Emergency Services, Inc.*, 181 Ga. App. 893 (354 SE2d 632) (1987), to consider whether the doctrine of apparent or ostensible agency is, or should be, applicable to a medical malpractice action against a hospital operating an emergency room under the circumstances presented in this case. The Court of Appeals applied the doctrine. We affirm.

The complaint was filed in Fulton Superior Court by Isiah J. Brown and Jessie Lee Brown, husband and wife. They alleged Isiah Brown was injured in an automobile collision on May 7, 1983 and transported to an emergency room operated on its hospital premises by Richmond County Hospital Authority doing business as University Hospital. They alleged he was treated in the emergency room and later in the hospital by two doctors who were employees of the hospital, Dr. David Fowler and Dr. Michael Willoughby. The Browns contended that Isiah Brown was seriously injured due to the negligent rendering of medical services by the two doctors. This alleged negligence was charged to University Hospital on the basis of respondeat superior. It was also charged against Coastal Emergency Services, Inc. (Coastal) which the Browns claimed was the immediate employer of the doctors and arranged for services by the doctors in University Hospital's emergency room.

Later the complaint was amended to allege certain facts which

the Browns asserted support the application of apparent or ostensible authority as an additional basis upon which University Hospital and Coastal should be held liable for the negligence of the doctors. It was alleged that the emergency room was operated jointly by University Hospital and Coastal and that Isiah Brown went to the emergency room rather than to a private doctor because he was led to believe that he would receive better care. They alleged further that the defendants (the hospital, Coastal, and the two doctors) led Isiah Brown to believe he was being treated by hospital doctors and was not informed of some other relationship among the hospital, Coastal and the doctors. They alleged the hospital and Coastal held out to the public that such emergency room doctors as Fowler and Willoughby were agents and employees of the hospital and it was being operated jointly by Coastal and University Hospital. All of this they said estopped Coastal and University Hospital from denying the doctors were their agents and employees.

The trial court granted summary judgment to both Coastal and University Hospital finding from evidence produced on the motions of the defendants and other discovery it was without dispute that the doctors were independent contractors and not employees or agents of either Coastal or University Hospital. The trial court's order did not expressly address the issue of ostensible agency but, of course, had the effect of declining to apply the principle in favor of the Browns. This left only the doctors as defendants and since venue in Fulton County depended on Coastal being a defendant, the case was ordered transferred to Richmond County, residence of Dr. Willoughby.

The Court of Appeals agreed that summary judgment was properly granted on the issue of actual agency between the doctors on the one hand and Coastal and University Hospital on the other. But, recognizing this as a case of first impression in Georgia, it was held the trial court erred in granting total summary judgment to University Hospital because the allegation of ostensible agency as to the hospital was not pierced by facts. The Court of Appeals held there was an adequate showing for summary judgment on this issue as to Coastal.

The doctrine of apparent or ostensible agency is stated in Restatement of the Law, Agency, § 267:

"One who represents that another is his servant or other agent and thereby causes a third person justifiably to rely upon the care or skill of such apparent agent is subject to liability to the third person for harm caused by the lack of care or skill of the one appearing to be a servant or other agent as if he were such."

As the comment in the Restatement makes plain, the essence of the doctrine is that one represents that another is one's agent so that plaintiff justifiably relies on the care or skill of the apparent agent whose negligence causes the injury. It is not enough that plaintiff sim-

ply believe there is an agency relationship. There is an objective standard. The apparent principal must represent or hold out the apparent agent. Then, too, justifiable reliance must lead to the injury. This is made quite clear in the Restatement through the illustration of a taxi cab company. Suppose a cab company holds itself out to the public as a safe, efficient supplier of transportation causing the public, including plaintiff-passenger, to justifiably believe the drivers are its employees. But suppose there is a secret arrangement unknown to the public and this passenger which renders the drivers independent contractors in their relationship to the cab company. If a taxi driver in a single collision negligently injures a passenger and a pedestrian on the street, the passenger may successfully pursue a claim against the cab company on apparent agency principles. The pedestrian may not. The passenger justifiably relied on the skill of the driver as an employee of the company which reliance led to the passenger's injury. The pedestrian did not. This agency doctrine is also contained in Restatement of Law 2nd, Torts, § 429.

Across the nation the ostensible agency doctrine has been widely applied to certain hospital/doctor arrangements. In particular it has been applied to emergency room settings. See the citations listed by the Court of Appeals in *Brown*, supra at 896. See also Butler and Laszlo, "Hosp. Liability for Physician Negligence in Ga.: A Realistic Approach," 37 Mercer L. Rev. 701 (Winter 1986). We note too that the result we reach today was anticipated by Judge Murphy in *Stewart v. Midani*, 525 FSupp. 843 (4) (1981). The history and development of this law will not be set out here but we observe it has been well considered by Justice Leibson in *Paintsville Hosp. Co. v. Rose*, 683 SW2d 255 (Ky. 1985). See also *Adamski v. Tacoma Gen. Hosp.*, 579 P2d 970 (Wash. App. 1978).

The argument is made by University Hospital and in briefs of a number of amici that a physician is licensed to practice medicine, exercises special knowledge and skill, and therefore may not be controlled in these functions by another. Thus, they maintain, Drs. Fowler and Willoughby cannot in any event be agents of the hospital for the performance of their professional duties. The tortured application of this view through the years is analyzed in the Court of Appeals' opinion. There may have been a time when all the world knew hospitals were mere structures where physicians treated and cared for their patients. In such a society one would be hard pressed to show that he justifiably relied on the hospital to care for his illness or injury through doctors employed for that purpose. But the situation has evolved. Most modern hospitals hold themselves out to the public as providing many health related services including services of physicians. A patient is likely to look to the hospital, not just to a particular doctor he comes into contact with through the hospital. That is

what the Browns contend in this case. If they can prove the hospital represented to Isiah Brown that its emergency room physicians were its employees and that he therefore justifiably relied on the skill of the doctors but suffered injury due to the legal insufficiency of their medical services, the hospital may be held liable therefor. *Capan v. Divine Providence Hosp.*, 430 A2d 647 (Pa. Super. 1981).

It should be noted that the doctrine can seldom apply to the customary situation in which a patient consults his own doctor who then has him admitted to a hospital where the doctor renders negligent medical services. In such a case there is no representation or holding out by the hospital to the patient. The hospital does not furnish him a doctor. He obtains his own.

*Judgment affirmed. All the Justices concur, except Marshall, C. J., who dissents.*

DECIDED OCTOBER 21, 1987.

*Knox & Zacks, Wyckliffe A. Knox, Jr., Ted H. Clarkson,* for appellant.

*Smolar, Pelletier & Roseman, Anne E. Barnes, Thomas Allan Rice, Drew, Eckl & Farnham, Theodore E. G. Pound, Hart & Sullivan, George W. Hart,* for appellees.

*James A. Dunlap, Wright Willingham, James E. Brim III, Malcolm R. Maclean, Lee C. Mundell, Oscar M. Smith, C. Wade Monk, L. Martelle Layfield, Jr., W. H. Young III, Dodd, Connell & Hughes, H. Boyce Connell, Jr., Kim H. Roeder,* amici curiae.