A92A0786, A92A0787. HOLMES v. UNIVERSITY HEALTH
SERVICE, INC.; and vice versa.
(423 SE2d 281)

JOHNSON, Judge.

Richardine Holmes, as administratrix of the estate of her son, Theodrick Holmes, Jr. brought a medical malpractice action against University Health Service, Inc. d/b/a University Hospitals (UHS). On May 4, 1990, Theodrick Holmes, Jr., then 21 years old, went to the emergency room of UHS seeking treatment for a broken ring finger on his left hand. He was given pre-operative instructions and told to report for surgery on May 7, 1990. Surgery was performed as scheduled. When the cast on his fingers was removed on May 15, 1990, it was discovered that surgery had been performed on the third rather than fourth finger. It was alleged in plaintiff's third amended complaint that the negligent acts of UHS caused permanent disability and scarring to the third finger and the stress therefrom was the proximate cause of Theodrick Holmes, Jr.'s death on May 27, 1990.

UHS filed a motion to dismiss for failure to file an affidavit in accordance with OCGA § 9-11-9.1. Two weeks after the motion to dismiss was filed, Holmes filed a fourth amended complaint, abandoning the professional malpractice claim and recasting the claim as a tortious battery. The trial court denied UHS's motion to dismiss.

In March 1991, UHS filed a motion for summary judgment on the grounds that UHS could not be held liable since the alleged tortious acts were performed by independent contractors abrogating any liability on its part. The motion for summary judgment was granted on July 31, 1991. Holmes appeals the grant of summary judgment. UHS filed a cross-appeal alleging that the trial court erred in denying its motion to dismiss.

### Case No. A92A0786

Holmes asserts in her single enumeration that the trial court erred in granting UHS's motion for summary judgment, arguing that genuine issues of material fact remain as to the relationship between UHS and the doctors who performed the surgery. The doctors were not named in this action. "The rule is that for the hospital to be held

liable it must be shown that the doctor was an employee of the hospital and not an independent contractor. The true test of whether the relationship is one of employer-employee or employer-independent contractor is whether the employer, under the contract either oral or written, assumes the right to control the time, manner and method of executing the work, as distinguished from the right merely to require certain definite results in conformity to the contract." (Citations and punctuation omitted.) *Allrid v. Emory Univ.*, 249 Ga. 35, 39-40 (285 SE2d 521) (1982). The record shows that the doctors who treated Holmes in this case were residents provided to UHS by the Medical College of Georgia (MCG) under an affiliation agreement which specifically provides that the residents are independent contractors. MCG selects the residents who are assigned to each rotation and establishes the schedules for the rotations. UHS does not pay the doctors directly and has no control over the selection of the doctors nor does it exercise control over the manner, time or method of treatment of any patient.

The record contains a document signed by Theodrick Holmes, Jr. which read: "I acknowledge that I selected the patient's physician and . . . the patient's physician is not an employee or agent of University Hospital." Further, the affidavit of a UHS representative establishes that patients fill out registration materials in designated areas at which conspicuous signs are, and were at all times relevant to this action, posted which read: "Physicians providing medical services within this hospital are not employees of University Hospital. Each physician is an independent contractor." Holmes was, or should have been aware that the doctors were independent contractors.

This court has acknowledged that a claim may be supportable under a theory of apparent or ostensible agency. *Brown v. Coastal Emergency Svcs.*, 181 Ga. App. 893 (354 SE2d 632) (1987); aff'd sub nom. *Richmond County Hosp. Auth. v. Brown*, 257 Ga. 507 (361 SE2d 164) (1987). In order to recover under that theory, however, a plaintiff must present evidence that: "(1) the apparent principal represented or held out the apparent agent; and (2) justifiable reliance upon the representation led to the injury." *Whitaker v. Zirkle*, 188 Ga. App. 706, 709 (374 SE2d 106) (1988). Further, "[i]t is not enough that plaintiff simply believe there is an agency relationship. There is an objective standard. The apparent principal must represent or hold out the apparent agent. Then, too, justifiable reliance must lead to the injury." *Richmond County Hosp. Auth. v. Brown*, supra at 508-509. It is clear from the facts of this case that UHS did not represent or hold out that the doctors were the agents of the hospital, and they expressly disclaimed that fact. Therefore Holmes' arguments that an apparent or ostensible agency relationship existed must fail.

Holmes did not file a brief in opposition to UHS's motion for

summary judgment or submit a statement of facts in dispute in accordance with Uniform Superior Court Rule 6.5. Her original affidavit was not based on personal knowledge and she did not seek leave of the court to file her supplemental affidavit. Her affidavits cannot be considered. See *Hershiser v. Yorkshire Condo. Assn.*, 201 Ga. App. 185 (1) (410 SE2d 455) (1991). Therefore, we find no competent evidence in the record which would rebut the evidence presented by UHS that the doctors were independent contractors.

OCGA § 9-11-56 (e) provides, "[w]hen a motion for summary judgment is made and supported as provided in this Code section, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this Code section, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." After reviewing the entire record in this case, we find that the trial court correctly granted summary judgment in favor of UHS.

*Case No. A92A0787*

In its cross-appeal, UHS asserts that the trial court erred in denying its motion to dismiss. In light of our holding in Case No. A92A0786, we find that cross-appeal A92A0787 is rendered moot.

*Judgments affirmed. Carley, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 9, 1992 —
RECONSIDERATION DENIED SEPTEMBER 29, 1992 —

*Watkins & Watkins, John D. Watkins*, for appellant.
*Knox & Zacks, Gregg E. McDougal, Raymond G. Chadwick, Jr., R. Perry Sentell III*, for appellee.