A92A1799. MARCOUX v. NORTHSIDE REALTY ASSOCIATES, INC. et al.
(427 SE2d 72)

JOHNSON, Judge.

This is the second appearance of this case in this court. For a statement of the facts see *Marcoux v. Fields*, 195 Ga. App. 573 (394 SE2d 361) (1990). In the former appeal, this court reversed the grant of defendants' motion to dismiss based on res judicata. Upon trial of the case, the trial judge directed a verdict in favor of Northside Realty Associates, Inc., which forms the basis of this appeal. The jury returned a verdict against the co-defendant, Eddie Fields, in excess of

$46,000.

1. In a recent case, *Ross v. Ninety-Two West, Ltd.*, 201 Ga. App. 887 (412 SE2d 876) (1991), we clarified the nature of the relationship between real estate agents and realty companies, holding that the firm will not be held liable for the tortious acts of its agents, who are independent contractors. Perhaps in light of this decision, Marcoux has asserted that a jury question existed on the liability of Northside under a theory of apparent authority. In support of this theory, Marcoux has analogized the role of the agent to that of a doctor in an emergency room, citing *Brown v. Coastal Emergency Svcs.*, 181 Ga. App. 893 (354 SE2d 632) (1987), aff'd sub nom. *Richmond County Hosp. Auth. v. Brown*, 257 Ga. 507 (361 SE2d 164) (1987). As we recently held in *Holmes v. Univ. Health Svc.*, 205 Ga. App. 602 (423 SE2d 281) (1992): "In order to recover under [an apparent or ostensible agency] theory, however, a plaintiff must present evidence that: (1) the apparent principal represented or held out the apparent agent; and (2) justifiable reliance upon the representation led to the injury. Further, it is not enough that plaintiff simply believe there is an agency relationship. There is an objective standard. The apparent principal must represent or hold out the apparent agent. Then, too, justifiable reliance must lead to the injury." (Citations and punctuation omitted.) Id. at 603. The facts in this case have not demonstrated that Northside, or Fields, made any representations regarding the nature of their relationship. There is no testimony in the record which indicates that Fields or anyone from Northside represented to Marcoux that he was employed by Northside, nor is there evidence that any reliance on the part of Marcoux led to her injury.

Marcoux's analogy to the emergency room situation is attenuated. In most instances, a patient entering an emergency room is in a state of crisis, having sustained serious physical injury or trauma. He has neither the capacity nor the luxury of time to examine the relationships of the players in the scene. This situation cannot be likened to that of a property owner entering into a listing agreement, an arms length business transaction.

2. Marcoux also asserts that the trial court erred in granting a directed verdict in favor of Northside because a jury question existed whether Northside was a joint tortfeasor as a result of its own tortious acts and omissions. The acts which Marcoux alleges constitute these acts and omissions include maintaining a form file in the office and holding orientation sessions for agents. We agree with the trial court that no evidence was presented at trial which indicates that either of these activities was a contributing proximate cause of Marcoux's injury. "In Georgia, the standard used to review the grant or denial of a directed verdict is the 'any evidence' test. Where there is no conflict in the evidence as to any material issue, and the evidence introduced,

with all reasonable deductions therefrom, shall demand a particular verdict, such verdict shall be directed. OCGA § 9-11-50." (Citations and punctuation omitted.) *Bowdish v. Johns Creek Assoc.*, 200 Ga. App. 93, 94 (406 SE2d 502) (1991). There is nothing in the record which connects either of the alleged acts to the injury suffered by Marcoux. The trial court did not err in directing a verdict in favor of Northside.

*Judgment affirmed. Pope, C. J., and Carley, P. J., concur.*

DECIDED JANUARY 14, 1993.

*Jones, Brown, Brennan & Eastwood, Taylor W. Jones, Myles E. Eastwood, Linda R. Greer*, for appellant.

*Frederick G. Boynton, William A. Wehunt*, for appellees.