A94A0518. ABDUL-MAJEED v. EMORY UNIVERSITY HOSPITAL.
(445 SE2d 270)

POPE, Chief Judge.

In this wrongful death action against a doctor and a hospital, plaintiff appeals the trial court's grant of summary judgment for the hospital.

After an automobile accident, plaintiff's decedent was rushed to South Fulton Hospital. South Fulton Hospital did not have room for plaintiff's decedent on its trauma ward, however, so he was taken to defendant Emory University Hospital ("Emory" or "the hospital"). There he came under the care of defendant Dr. Richard Riggins, an orthopedic surgeon who is not a party to this appeal. Several days after surgery, plaintiff's decedent died as the result of a blood clot in his heart. Plaintiff brought suit against Riggins and Emory and at-

tached an affidavit from another orthopedic surgeon who opined that Dr. Riggins and Emory should have diagnosed the blood clots in the decedent's left leg and utilized various devices and techniques to prevent them from moving to his heart, and that they deviated from reasonable standards of medical care in failing to do so. Emory moved for summary judgment on the grounds that: (1) the hospital was not responsible for any alleged negligence on the part of Dr. Riggins because Dr. Riggins was an independent contractor rather than an employee, and (2) there was no evidence of any independent negligence on the part of the hospital or any of its employees. The trial court granted Emory's motion, and plaintiff appealed.

1. On appeal, plaintiff contends that even if Dr. Riggins was not Emory's actual employee, summary judgment was inappropriate because the hospital may be liable under the doctrine of apparent or ostensible authority. See *Richmond County Hosp. Auth. v. Brown*, 257 Ga. 507 (361 SE2d 164) (1987). We agree. In *Richmond County Hosp. Auth.*, the Supreme Court held that a hospital may be liable for a doctor's negligence, even though the doctor is an independent contractor, if the hospital represents or holds out the doctor as its agent and the plaintiff justifiably relies on that representation. Id.; see also *Whitaker v. Zirkle*, 188 Ga. App. 706, 709 (2) (374 SE2d 106) (1988). "Quite clearly, a hospital patient whose treatment is under the control and supervision of a privately retained physician is in a categorically different relationship with the hospital than is a patient whose attending physician is furnished to him by the hospital itself. . . . By furnishing the attending physician, the hospital is in effect holding him out as its own and calling upon the patient to accept his services based on its own reputation rather than the physician's." *Brown v. Coastal Emergency Svcs.*, 181 Ga. App. 893, 897-898 (354 SE2d 632), aff'd sub nom. *Richmond County Hosp. Auth. v. Brown*, supra. Although the doctrine of apparent or ostensible authority first developed in the context of emergency room doctors, we have since held that it applies not just to emergency room physicians, but to all doctors who " 'share the common characteristic of being supplied through the hospital rather than being selected by the patient.' " *Doctors Hosp. of Augusta v. Bonner*, 195 Ga. App. 152, 163 (6b) (392 SE2d 897) (1990).

In this case, it is undisputed that plaintiff's decedent did not have a doctor when he arrived at Emory and that Dr. Riggins was supplied by the hospital. Plaintiff also stated in her affidavit that Emory employees told her "one of our doctors" would be assigned to her husband's case. Contrary to Emory's contention, plaintiff's testimony regarding this statement by Emory employees is not hearsay because it is offered to show that the statement was made, not to show that the content of the statement was true. See *Hurston v. State*, 194 Ga.

App. 226 (390 SE2d 119) (1990). And plaintiff's inability to name the employees goes to the weight of her testimony rather than its admissibility. In any case, we conclude, based on the language from *Brown v. Coastal Emergency Svcs.* quoted above, that even without plaintiff's testimony regarding the employees' statement, the fact that the hospital supplied the doctor without explicitly informing the patient that the doctor was not its employee would be sufficient to support a finding that the hospital "held out" the doctor as its agent. Compare *Holmes v. Univ. Health Svc.*, 205 Ga. App. 602 (423 SE2d 281) (1992) (there is no holding out of doctor as agent where hospital conspicuously posts large signs in emergency room notifying patients that doctors are not hospital employees and patient signs statement acknowledging that doctors are not hospital employees or agents).

With respect to reliance, Emory argues that plaintiff's statement in her affidavit that she chose to take her husband to Emory based on its good reputation contradicts her prior deposition testimony that she chose Emory because of her friend's negative experience at Georgia Baptist.[1] As no explanation for the contradiction was offered, Emory asserts the affidavit testimony must be ignored. See *Prohpecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 28 (1) (343 SE2d 680) (1986); *Bryant v. Crider*, 209 Ga. App. 623, 625 (3) (434 SE2d 161) (1993). While we agree that plaintiff's testimony regarding her choice of Emory was contradictory without explanation and must be construed against her, we do not agree with Emory's position that this disposes of plaintiff's ability to show reliance. The relevant question here is not whether plaintiff relied on the hospital's reputation in choosing between Georgia Baptist and Emory Hospitals, but whether plaintiff relied on the hospital's representation that Dr. Riggins was its agent in accepting that doctor's services. Plaintiff stated in her affidavit that she knew no physicians at Emory but "felt that the hospital would provide competent personnel to attend to her husband," and this statement is not contradicted in her earlier deposition testimony. Indeed, it is fully consistent with plaintiff's prior statements that she did not have a family doctor and did not know any doctors affiliated with Emory; that the two nurses who met the ambulance and an employee in the admissions office assured her the hospital would provide a doctor; that Dr. Riggins became involved when he was assigned to her husband's case by the hospital the following morning; that plaintiff could have called some of her husband's college classmates who could have referred her to another doctor but she did not; that she called Dr. Riggins when problems with her hus-

---

[1] For some reason not apparent from the record, plaintiff was given only two choices of hospitals, Emory and Georgia Baptist.

band's treatment arose; and that she thought she could trust Emory and Dr. Riggins. From plaintiff's statement in her affidavit and the circumstances related in her deposition, a jury could infer that plaintiff relied on the hospital's representation that Dr. Riggins was its agent. See *Doctors Hosp. of Augusta v. Bonner*, 195 Ga. App. at 164. Accordingly, the hospital was not entitled to summary judgment on the issue of liability pursuant to the doctrine of apparent or ostensible agency.

2. However, we agree with the trial court that there is no evidence of any independent negligence on the part of any actual employees of the hospital. Thus, the trial court did not err in granting summary judgment with respect to this basis of liability.

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Smith, J., concur.*

DECIDED MAY 11, 1994 —
RECONSIDERATION DENIED JUNE 2, 1994.

*S. Ralph Martin, Jr., M. Gino Brogdon*, for appellant.
*Long, Weinberg, Ansley & Wheeler, Stephen H. Sparwath, J. M. Hudgins IV, Allen & Peters, Bradley C. Reeves*, for appellee.