A94A0646, A94A0647. KEEFE et al. v. CARPET & UPHOLSTERY CLEANING BY HOUNDSTOOTH, INC.; and vice versa.

(444 SE2d 857)

McMURRAY, Presiding Judge.

On June 11, 1992, plaintiff Lawrence Dennis Keefe was injured at his place of residence when he slipped and fell on water placed on the floor by Marion Johnson while cleaning carpets in the home. This negligence action seeks damages from defendant Carpet & Upholstery Cleaning by Houndstooth, Inc. on a theory of respondeat superior in favor of the injured plaintiff and in favor of his wife, Rachel Keefe, who seeks damages for loss of consortium. Defendant maintains that Marion Johnson was an independent contractor for whom it bore no responsibility.

Following discovery, the state court considered opposing motions and in an order entered October 5, 1993, granted summary judgment in favor of defendant on the issue of apparent or ostensible agency, and denied defendant's motion for summary judgment on the issue of actual agency. These rulings were made a final judgment by the entry of an order pursuant to OCGA § 9-11-54 (b). In Case No. A94A0646, plaintiffs appeal from the grant of summary judgment in favor of defendant on the issue of apparent agency and from the denial of their motion for partial summary judgment on the issue of agency, either actual or apparent. In the cross-appeal, Case No. A94A0647, defendant appeals that portion of the October 5, 1993 order which partially denied its motion for summary judgment and held that genuine issues of material fact exist regarding the existence of an actual agency relationship between defendant and Marion Johnson. *Held:*

1. Plaintiff Rachel Keefe deposed that she had placed the order for carpet cleaning with defendant, that she had defendant's coupon such as was received in the mail at regular intervals, that the coupon fixed the price of the transaction, and that it was a good advertisement. The order telephoned in by Rachel Keefe was related by a dispatcher to Marion Johnson who then telephoned Rachel Keefe to arrange a time. The initial appointment was rescheduled and Marion Johnson eventually arrived at the house to clean the carpets. He testified that he identified himself as "Marion from Houndstooth."

In order for plaintiffs to recover under a theory that Marion Johnson was an apparent agent or servant of defendant, they must present evidence that defendant represented or held out Marion Johnson as its apparent agent or servant and must show justifiable reliance upon the representation led to the injury. *McGuire v. Radisson Hotels Intl.*, 209 Ga. App. 740, 743 (2) (435 SE2d 51); *Holmes v. Univ. Health Svcs.*, 205 Ga. App. 602, 603 (423 SE2d 281). Plaintiffs have satisfied the first portion of this test by showing the manner in which defendant conducted its business. Defendant solicited business via direct mail advertising using only defendant's telephone number. Defendant's dispatchers then distributed the jobs to carpet cleaners who, when they telephoned the potential customers in order to schedule the work, identified themselves as being "with" defendant. The representations of the carpet cleaners are not directly attributable to defendant. However, it may be inferred from the evidence that the carpet cleaners were encouraged to identify themselves in such a manner by defendant. The carpet cleaners could be supplied with defendant's business cards, but in any event were prohibited from distributing any business cards other than defendant's. When the jobs were completed, the carpet cleaners were generally required to use invoice forms which requested any checks be payable to defendant. In short, the manner of defendant's advertising, dispatching of carpet cleaners, and the way defendant required the carpet cleaners to present themselves to customers combined in such a manner that someone having work done by one of defendant's carpet cleaners would have no reason to believe they were customers of anyone other than defendant. Defendant's actions in creating these circumstances could be viewed as a representation of holding out of a carpet cleaner (such as Marion Johnson) as an agent. *Richmond County Hosp. Auth. v. Brown*, 257 Ga. 507, 509 (361 SE2d 164).

Nor was there any absence of evidence as to the required element of reliance. Rachel Keefe noted the repeated and good advertising from defendant. Such advertising is a means by which a business holds itself out as competent and reliable. Plaintiff Rachel Keefe relied upon the representations intrinsic to defendant's advertising. It was not necessary that plaintiff Lawrence Keefe personally place any reliance upon the representations of defendant since Rachel Keefe was acting on his behalf as both his marital partner and as a member of an extended household in which all expenses were shared. *Richmond County Hosp. Auth. v. Brown*, 257 Ga. 507, 509, supra; Restatement of Law 2d, Torts, § 429, comment a. While the state court erred in granting a partial summary judgment in favor of defendant on the issue of apparent agency, we do find conflicting evidence so that the denial of plaintiffs' motion for summary judgment on the issue of apparent agency was not error.

2. Turning to the question of whether Marion Johnson was an actual agent of defendant, we find that the traditional or "true" test of whether a person is a servant or an independent contractor has been stated in terms of whether the employer has the right to direct the time, the manner, the methods, and the means of execution of the work, as contrasted with the right to insisting upon results according to specifications of the contract. *Hall v. Buck*, 206 Ga. App. 754, 758 (6) (426 SE2d 586). Other cases rely upon the list of ten factors to be considered pursuant to Restatement of Agency 2d, § 220 (2). *Murphy v. Blue Bird Body Co.*, 207 Ga. App. 853, 854 (1) (429 SE2d 530). Applying the factors from both of these tests to the uncontroverted facts in the cases sub judice, we do not find that either alternative answer is compelled by the evidence. Therefore, we conclude that the state court did not err in denying defendant's motion for summary judgment on the issue of actual agency.

*Judgment affirmed in part and reversed in part in Case No. A94A0646. Judgment affirmed in Case No. A94A0647. Pope, C. J., and Smith, J., concur.*

DECIDED JUNE 3, 1994.

*Belcher, Pakchar & Sams, Pat E. Belcher II, Jay W. Pakchar, Arrington & Hollowell, W. Ray Persons*, for appellants.

*Chambers, Mabry, McClelland & Brooks, Walter B. McClelland, Eugene C. Bessent*, for appellee.