A96A0734. SORRELLS v. EGLESTON CHILDREN'S HOSPITAL AT EMORY UNIVERSITY, INC.
(474 SE2d 60)

POPE, Presiding Judge.
In *Richmond County Hosp. Auth. v. Brown*, 257 Ga. 507 (361 SE2d 164) (1987), the Supreme Court held that the doctrine of apparent agency applies in medical malpractice cases: a hospital may be liable for a doctor's negligence, even though the doctor is an independent contractor, if the hospital represents or holds out the doctor as its agent and the plaintiff relies on that representation. Subsequently, in *Abdul-Majeed v. Emory Univ. Hosp.*, 213 Ga. App. 421, 423 (1) (445 SE2d 270) (1994), we held that a question of fact exists regarding whether the hospital holds out the doctor as its agent if the hospital provides the doctor without explicitly informing the patient that the doctor is not its employee. Here, we examine further the

question of what a hospital must do to "explicitly inform" the patient of the doctor's non-employee status, and therefore avoid a jury question regarding its liability for the negligence of the non-employee doctor it provides.

Plaintiff Sir Mitchell Sorrells, a three-and-a-half-year-old boy, lost his left eye as the result of the negligence of Drs. Sternberg and Lopez.[1] Plaintiff's eye had become infected, and his mother took him to defendant's emergency room as his pediatrician suggested. The hospital admitted plaintiff and provided Dr. Sternberg as his attending physician; Dr. Lopez was a Resident Fellow working under Dr. Sternberg's supervision. (Drs. Sternberg and Lopez will be collectively referred to as "the doctors.") Plaintiff's expert opined that the doctors should have promptly ordered an eye tap to identify the organism causing the infection. The doctors did not do so, however. Instead they apparently assumed the infection was non-bacterial and began a course of treatment, including the administration of steroids, which failed to help plaintiff and actually worsened his condition, causing the loss of his eye.

At the time the hospital admitted plaintiff and assigned Dr. Sternberg as his attending physician, it did not inform his parents, either by sign or notification form, that Dr. Sternberg was not a hospital employee. During the course of plaintiff's hospitalization, however, he underwent three procedures which required the signing of informed consent forms by his parents; and on the back of the form, in paragraph 6, the parents acknowledged that physicians on the hospital staff were not hospital employees. Although the language of this acknowledgment was general, the rest of the form spoke only of the particular procedure at issue.[2] Notably, the form included specific questions which a witness was supposed to ask the consenting person, to make sure they understood what they were consenting to. But these questions also addressed only the particular procedure at issue, without mentioning the acknowledgment in paragraph 6. Plaintiff's parents signed the first of these forms the day after plaintiff was admitted.

Sir Mitchell and his parents brought this action against defendant hospital as well as the negligent doctors. The trial court con-

---

[1] As this appeal is from the grant of a motion for summary judgment, we view the evidence in a light favorable to plaintiff as the non-moving party. Actually, a jury question remains with respect to the negligence of Drs. Sternberg and Lopez, but for purposes of this appeal, we assume that the doctors were negligent and that their negligence proximately caused the loss of Sir Mitchell's eye.

[2] None of the procedures addressed by the consent forms is the subject of the alleged negligence. Moreover, the alleged negligence — the failure of the doctors to ascertain the cause of the infection before beginning treatment — occurred at least in part prior to the signing of the forms.

cluded that the acknowledgment in the informed consent forms explicitly notified the parents that the doctors were not hospital employees. It therefore rejected plaintiff's argument that the hospital could be liable under the doctrine of apparent authority and granted summary judgment for the hospital. Because we conclude there is a jury question regarding whether the acknowledgment on the informed consent forms served to explicitly notify the parents that the doctors were not hospital employees, we reverse the trial court's grant of summary judgment for the hospital.

1. A plaintiff suing a hospital for the negligence of a non-employee doctor cannot rely upon an apparent agency theory if the plaintiff knew or should have known that the doctor was not an agent of the hospital. *Holmes v. Univ. Health Svc.*, 205 Ga. App. 602 (423 SE2d 281) (1992). Moreover, when the hospital posts "conspicuous signs" in the admissions area which expressly disclaim any agency relationship and has the plaintiff sign an acknowledgment that the doctor is not a hospital employee, we can conclude as a matter of law that the plaintiff knew or should have known the doctor was not the hospital's agent (i.e., there is no jury question regarding whether the plaintiff knew or should have known, and summary judgment is appropriate). Id.

But that is not the case here. Defendant hospital did not post signs in the admissions area disclaiming any employment or agency relationship. Nor did it have plaintiff's parents sign an acknowledgment form designed to convey this information at the time of admission. Instead, it included the acknowledgment on the back of a form designed to elicit consent to a specific procedure, and it did nothing to call attention to the acknowledgment, even though it did take steps to call attention to other parts of the form. And it only did this a day *after* Sir Mitchell had been admitted and his parents had relied on the hospital's assignment of Dr. Sternberg to accept him as Sir Mitchell's doctor. Under these circumstances, we cannot conclude as a matter of law that the plaintiff knew or should have known that the doctor the hospital provided was not a hospital employee or agent. This is a question for a jury.

2. Defendant hospital suggests we should overrule *Abdul-Majeed* and hold, as a matter of law, that a hospital is not responsible for the negligence of non-employee doctors on its staff unless the hospital affirmatively represents that the doctors are its employees or agents. Essentially, this would mean holding that anyone going to a hospital without a doctor should simply know, in the absence of any representation, that the doctors a hospital provides are not the hospital's agents. We decline to do this, as we do not believe it is realistic.

The law should reflect the reality of human relationships whenever possible. In this context, the reality is that most people who are

provided a doctor by a hospital expect that doctor to be the hospital's employee or agent, and in the current environment in which hospitals prodigiously market themselves as providers of health care, we cannot say that expectation is unreasonable as a matter of law. See *Brown*, 257 Ga. at 509.

*Judgment reversed. Smith, J., concurs. Andrews, J., concurs specially.*

ANDREWS, Judge, concurring specially.

I concur specially to point out that *Abdul-Majeed v. Emory Univ. Hosp.*, 213 Ga. App. 421 (445 SE2d 270) (1994), cited by the majority, does not stand for the proposition that a hospital must always "explicitly inform" a patient that a non-employee treating physician is not its agent to avoid liability for the physician's negligence under a claim that the physician was the hospital's apparent agent. The theory of apparent agency is inapplicable, as a matter of law, any time the circumstances are sufficient to clearly show that the plaintiff patient knew or should have known that the treating physician was not an agent of the hospital. *Holmes v. Univ. Health Svc.*, 205 Ga. App. 602, 603 (423 SE2d 281) (1992). Even if by furnishing a treating physician a hospital in effect represents that the physician is its employee, and fails to explicitly inform the patient that the physician is not its employee, the patient cannot hold the hospital liable for the non-employee physician's negligence under apparent agency if the patient otherwise knew or should have known that the physician was not the hospital's employee. Of course, the surest means of informing a patient that a physician furnished by the hospital is not an employee or agent of the hospital is to inform the patient of this fact in writing prior to providing medical treatment.

In the present case, there was evidence from which a jury could conclude that the hospital represented or held out the treating physicians as its agents. There was also evidence, provided by affidavits from the parents, that they justifiably relied upon this representation in accepting medical treatment for their child from the physicians because they knew of the hospital's reputation for providing quality medical care. Although the hospital clearly notified the parents of the child in writing the day after the child's admission that the treating physicians were not agents or employees of the hospital, there was evidence that at least some of the alleged acts of negligence by the physicians had already occurred prior to the written notification. There was no evidence that the parents of the child otherwise knew or should have known that the treating physicians were not employees of the hospital prior to the written notification. Under these circumstances, I agree that a jury question was presented as to whether the hospital could be held liable for the alleged negligence of

the non-employee physicians under a claim of apparent or ostensible agency. *Brown v. Coastal Emergency Svcs.*, 181 Ga. App. 893, 896-898 (354 SE2d 632) (1987), aff'd sub nom., *Richmond County Hosp. Auth. v. Brown*, 257 Ga. 507 (361 SE2d 164) (1987).

DECIDED JUNE 24, 1996 —
RECONSIDERATION DENIED JULY 11, 1996 —

*Peterson, Dillard, Young, Asselin & Powell, Thomas H. Asselin, James M. Lachance*, for appellant.

*Sullivan, Hall, Booth & Smith, Alexander H. Booth, Allen & Peters, Paul E. Weathington, Love & Willingham, Daryll Love, Traci G. Courville, Long, Weinberg, Ansley & Wheeler, J. M. Hudgins IV*, for appellee.