## A99A0364. NORTH GEORGIA MEDICAL CENTER v. STOKES et al.
### (517 SE2d 93)

JOHNSON, Chief Judge.

Ermel Stokes drove his wife, Gloria Stokes, who was suffering from pain in her chest and left arm, to the North Georgia Medical Center emergency department. She was treated by Dr. James Lingle, who was not a hospital employee but was provided to the hospital by Spectrum Emergency Care, Inc. After diagnosing her with gastritis, Dr. Lingle discharged Gloria Stokes from the hospital. The following evening she returned to the emergency room again complaining of chest pain and later died of an apparent heart attack.

Ermel Stokes sued Dr. Lingle, North Georgia Medical Center and Spectrum, alleging negligence in the doctor's failure to diagnose the heart problem. North Georgia Medical Center moved for summary judgment on the ground that it could not be held vicariously liable for the negligence of the doctor who was neither an employee nor an apparent agent of the hospital. The trial court found it is undisputed that the doctor was not a hospital employee, but denied the motion because there is a genuine issue of material fact as to whether Dr. Lingle was an apparent agent of North Georgia Medical Center. The hospital applied for interlocutory review of the ruling, and we granted the application.

Under the doctrine of apparent agency, a hospital may be liable for the actions of a doctor who is an independent contractor when (1) the hospital holds out the doctor as its agent, and (2) the patient's justifiable reliance on that holding out leads to injury. *Richmond County Hosp. Auth. v. Brown*, 257 Ga. 507, 508-509 (361 SE2d 164) (1987); *Whitaker v. Zirkle*, 188 Ga. App. 706, 709 (2) (374 SE2d 106) (1988). In the instant appeal, North Georgia Medical Center does not challenge the trial court's finding that the hospital held out Dr. Lingle as its agent; rather, it claims only that there is no evidence the Stokeses justifiably relied on that holding out. This claim is without merit.

In his affidavit, Ermel Stokes attests that he assumed Dr. Lingle was an employee of North Georgia Medical Center and would provide good medical treatment and do whatever was necessary to save his wife's life. The hospital argues this affidavit contradicts Stokes' deposition testimony that he had no idea if the doctor was a hospital employee and that whether the doctor was an employee or independent contractor did not affect his decision to go to North Georgia Medical Center. Thus, the hospital reasons, Stokes' contradictory statements must be construed against him to show that he did not rely on the hospital's representation that Dr. Lingle was its agent.

See *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680) (1986).

Contrary to the hospital's argument, Stokes' affidavit does not contradict his deposition testimony. It is apparent from a review of Stokes' entire deposition that he testified he did not know if Dr. Lingle was or was not a hospital employee, but he assumed the doctor was a hospital employee. He testified that he took his wife to North Georgia Medical Center because it was the nearest hospital, he thought the doctors there worked for the hospital, he had no reason to think they were not working for the hospital and he understood that they were hospital employees.

The relevant question is not whether the Stokeses went to the hospital based on its proximity to them, but whether they relied on the hospital's representation that Dr. Lingle was its agent in accepting his services. See generally *Abdul-Majeed v. Emory Univ. Hosp.*, 213 Ga. App. 421, 423 (1) (445 SE2d 270) (1994). Based on Stokes' affidavit and deposition testimony showing that he assumed Dr. Lingle was a hospital employee who would provide good medical treatment, the trial court did not err in finding enough evidence to create a genuine issue of material fact as to whether the Stokeses justifiably relied on the hospital's representation that the doctor was its agent. See *Abdul-Majeed*, supra at 423-424. See also *Sorrells v. Egleston Children's Hosp. &c.*, 222 Ga. App. 229, 231-232 (1), (2) (474 SE2d 60) (1996); *Doctors Hosp. &c. v. Bonner*, 195 Ga. App. 152, 163-164 (6) (b) (392 SE2d 897) (1990).

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED APRIL 30, 1999 —
RECONSIDERATION DENIED MAY 12, 1999 — CERT. APPLIED FOR.

*Love & Willingham, Daryll Love, Geoffrey E. Pope*, for appellant.
*Ballard & Still, William L. Ballard, Smith, Howard & Ajax, Michael J. Rust, Meredith H. Ragains*, for appellees.