## A04A2038. COOPER v. OLIVENT.

(610 SE2d 106)

Miller, Judge.

Willie Cooper sued Henry Olivent (d/b/a Henry's Service Station) and Maggie Miller for personal injuries he sustained when Miller's car struck Cooper's truck. Cooper alleged that Miller had her brakes serviced by Olivent's employee moments before the accident, and that both Olivent and Miller were negligent in failing to properly check Miller's brakes. Olivent moved for summary judgment on the ground that the person who serviced Miller's car was not his employee. The trial court granted Olivent's motion, and Cooper now appeals. For the following reasons, we affirm.

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c)." *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997). We review the grant of summary judgment de novo, construing the evidence in the light most favorable to the nonmovant. Id.

So construed, the evidence showed that Miller went to Olivent's tire store and asked Olivent if he serviced brakes. Olivent replied, "yes, I got a brake man here, BJ." B. J. Lashley then walked into the room and stated that he was the "brake man." Miller explained to Lashley that her brakes were not functioning properly and were making noise. Lashley told her that she needed some brake pads. Miller left her car with Lashley and walked across the street to a store. When she returned, Lashley told her that her car was ready. Olivent accepted Miller's payment for the service and gave her a receipt. Miller then got into her car and began backing it out when her brakes failed and she was unable to stop. Her car rolled across the street where it hit Cooper's parked truck, injuring him. Cooper sued both Olivent and Miller claiming that Olivent, his employee Lashley, and Miller were negligent in failing to check the brakes, and that Miller should not have been allowed to leave before the brakes were

properly repaired. Miller reached a settlement agreement with Cooper and was dismissed from the case with prejudice. Olivent moved for summary judgment on the ground that Lashley was not his employee and he therefore could not be liable for the negligence of an independent contractor. Cooper, in opposition to the motion for summary judgment, argued that even if Lashley was not an employee, Olivent is still liable under the theory of apparent agency. The trial court rejected this theory and granted Olivent's motion for summary judgment. Cooper appeals.

1. Cooper argues that the evidence presented a question of fact as to whether Lashley was Olivent's employee. We disagree.

"An employer generally is not responsible for torts committed by his employee when the employee exercises an independent business and in it is not subject to the immediate direction and control of the employer." OCGA § 51-2-4. It is also well settled that "the test distinguishing an employee from an independent contractor is whether the employer assumed the right to control the time, manner and method of executing the work, as distinguished from the right merely to require certain definite results in conformity to the contract." (Citation and punctuation omitted.) *Dix v. Shadeed*, 261 Ga. App. 145, 146 (1) (581 SE2d 747) (2003); see *Jacobs v. Thomson Oak Flooring*, 250 Ga. App. 56, 57 (1) (550 SE2d 465) (2001).

Here, the uncontradicted testimony of both Olivent and Lashley establishes that (1) Olivent did not compensate Lashley, withhold any taxes, or contribute to Lashley's Social Security, and (2) Olivent did not provide any tools for Lashley's use, supervise Lashley, or control his work hours. Olivent stated that he allowed Lashley to use an area in front of his bait and tackle store, free of charge, to service brakes, and that he only occasionally collected money for Lashley. Therefore, as there was no evidence that Olivent controlled the time or manner and method of Lashley's work, the trial court did not err in granting Olivent's motion for summary judgment.

2. Cooper argues that the trial court erred in "limiting the doctrine of apparent agency to exclude liability." He argues that because Olivent represented to Miller that Lashley was his agent, Olivent is subject to liability under the theory of apparent agency. Cooper's reliance on this theory is misplaced.

In order to recover under a theory of apparent or ostensible agency, a plaintiff must establish three elements: (1) that the alleged principal held out another as its agent; (2) that the *plaintiff justifiably relied on the care or skill of the alleged agent based upon the alleged principal's representation*; and (3) that this justifiable reliance led to the injury.

(Emphasis supplied.) *Butkus v. Putting Greens Intl. Corp.*, 222 Ga. App. 661, 663 (475 SE2d 693) (1996), citing *Richmond County Hosp. Auth. v. Brown*, 257 Ga. 507, 508 (361 SE2d 164) (1987).

Here, Cooper has failed to establish the second and third elements. Although Olivent may have represented to *Miller* that Lashley was his agent, there is no evidence that *Cooper* justifiably relied on Lashley's skill based upon Olivent's representation, and without a showing of justifiable reliance, Cooper cannot show that such led to his injury. See *Rains v. Dolphin Mtg. Corp.*, 241 Ga. App. 611, 614 (3) (525 SE2d 370) (1999) (no evidence that plaintiff justifiably relied on defendant's representations or that her reliance led to the harm caused by a third party). Indeed, in *Brown*, supra, 257 Ga. at 509, the Supreme Court of Georgia explained that the passenger of a taxi cab can pursue a claim against a cab company where the company represents that its driver is an employee (when the driver is actually an independent contractor); however, a *pedestrian* who is injured by the negligence of the cab driver cannot. Id. Clearly the pedestrian did not justifiably rely on the cab company's representation that the cab driver was its employee. The same holds true in this case.

Therefore, the trial court did not err in rejecting Cooper's theory of apparent agency.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

Decided January 27, 2005 —
Reconsideration denied February 10, 2005 — 

*Paul Fryer*, for appellant.
*Alexander & Vann, William C. Sanders*, for appellee.