[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 28, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-13675
Non-Argument Calendar
_____

D. C. Docket No. 05-00115-CV-2

WENDY KINCHEN, individually and as
Personal Representative of Shellie Lee Kinchen Wood,

Plaintiff-Appellant,

versus

GATEWAY COMMUNITY SERVICE BOARD,
GLYNN BRUNSWICK MEMORIAL HOSPITAL
AUTHORITY, d.b.a Camden Medical Center,
JARRETT B. BOLIN, MARGRET HURLEY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(December 28, 2006)

Before TJOFLAT, HULL and HILL, Circuit Judges.

PER CURIAM:

Wendy Kinchen, as personal representative of her daughter Shellie Lee Kinchen Wood, sued Gateway Community Service Board ("Gateway"), Glynn-Brunswick Memorial Hospital Authority, doing business as Camden Medical Center ("CMC"), Jarrett B. Bolin, and Margaret Hurley alleging negligence in the treatment of Wood.[1]  The claim is that the defendants failed to properly diagnose and treat Wood on the night of May 9, 2002, when she was taken there after her boyfriend called 911 and reported that she was violent and had threatened suicide. The district court granted summary judgment to the defendants and this appeal followed.

## I.

Wood and her boyfriend Robert Sovilla were arguing the night of May 9, 2002.  Sovilla claims that Wood had his pistol, placed the gun in her mouth and pulled the trigger, but the gun misfired.  After Sovilla took the weapon from her, Wood grabbed a knife from the kitchen in an attempt to harm herself.  Sovilla called 911 and informed the dispatcher that Wood had attempted suicide.

The police took Wood to CMC for evaluation.  Upon her arrival at the hospital, Nurse Margaret Hurley performed a triage to assess the urgency of

---

[1]Jurisdiction is predicated upon diversity as Kinchen is a Florida resident and the defendants are citizens of Georgia.

2

Wood's medical condition. Hurley took her vital signs and noted Wood's allergies and medications, but Wood denied any suicidal behavior.

Hurley called Dr. Hal London, an independent contractor at CMC, who ordered Wood to be evaluated by a licensed mental health provider. Jarrett Bolin, a licensed counselor employed by Gateway was called around 1:00 a.m. and he arrived for the evaluation about 2:00 a.m. He evaluated Wood for about an hour. Wood persisted in her denial of any suicidal behavior. Bolin reported that her risk of harm was low, but that she was depressed and sad due to her breakup with her boyfriend. He concluded that she seemed calm, fully oriented, cooperative, and that she had good impulse control and was not likely to commit suicide. He recommended that she not be kept under observation at the hospital against her will. Based upon Bolin's recommendation, Dr. London ordered Wood released. Two days later, Wood committed suicide by shooting herself in the head.

Kinchen's complaint alleges that Wood should have been committed to CMC involuntarily for further evaluation on the night of May 9 and that defendants were negligent in their failure to do so. Defendants assert various defenses. The district court granted summary judgment to each of them.

We have reviewed the record and the argument of counsel *de novo. Nat'l Fire Ins. Co. of Hartford v. Fortune Constr. Co.*, 320 F. 3d 1260, 1268 (11th Cir.

2003).  For the following reasons, we shall affirm.

## II.

1.      Gateway enjoys sovereign immunity from this lawsuit.

Gateway is a community service board created under state law, which makes it a Georgia state agency.  Ga. Code Ann. § 37-26 (2005 Supp.).  In 1981, the Georgia constitution was amended to provide sovereign immunity to all state agencies.  *Donaldson v. Dep't of Transp.*, 262 Ga. 49, 49-50 (1992).  Since Georgia has not waived its immunity in this lawsuit, Gateway is immune from this lawsuit.

2.      Bolin has qualified official from this lawsuit.

Official immunity offers "limited protection from suit to governmental officers and employees."  *Gilbert v. Richardson*, 264 Ga. 744, 750 (1994).  In 1990, the Georgia Constitution was amended to provide that state employees may not be sued for negligence in the performance of their official functions unless they act with actual malice.  Ga. Const., Art., I & II, ¶ IX(d) (1998).

The evaluation of Wood for suicidal tendencies, and the decision whether to commit her for involuntary treatment are covered by this provision because Bolin is a state employee and his evaluation of Wood was an official function.[2]  Since

_____

[2]The evaluation was not a "ministerial" function, for which actual malice is not required, because medical evaluation clearly calls for the exercise of judgment.

4

there is no record evidence of malice, Bolin is entitled to official immunity from this lawsuit.

3.      CMC is not liable for the actions of its independent contractors.

Neither London nor Bolin is an employee of CMC.  Both are independent contractors, hired to perform certain functions as needed.  CMC has no liability for independent contractors' actions.  *Hosp. Auth. of Hall County v. Adams*, 110 Ga. App. 848, 853 (1964).  Nor was either man the ostensible agent of CMC, for the purposes of this lawsuit.  In order for CMC to be liable under such an agency theory, it must have represented to Wood that London and Bolin were its employees and she must have justifiably relied on the skill of the putative employee.  *Richmond County Hosp. Auth. v. Brown*, 257 Ga. 507, 510 (1987).

Kinchen cannot establish that Wood justifiably relied upon the professional skill of either London or Bolin.  She neither went to CMC voluntarily, nor sought out the assistance of London or Bolin.  On the contrary, she repeatedly and unambiguously denied being suicidal or having any other medical problem for which she sought their assistance.  She did not accept treatment from either of them.  In sum, she did not rely upon their professional skill in any way.  Under these circumstances, CMC is not liable on a theory of ostensible agency.

4.      Hurley is not liable for negligence upon the undisputed record facts.

5

Kinchen has pointed to no facts nor suggested any theory on which Nurse Hurley may be held liable for negligence in her care of Wood. Hurley performed the triage – vital signs and medical history – on Wood, but that was the extent of her involvement with Wood. Furthermore, the only evidence in the record – the affidavit of expert nurse Donna Lee Bledsoe, a board-certified adult psychiatric registered nurse – is that Hurley's actions conformed to the standard of care. Because there is no evidence of negligence in the record to support Kinchen's claim, and the evidence there is that Hurley was not negligent, Hurley is entitled to summary judgment.

## III.

The defendants are entitled to summary judgment and the judgment of the district court is hereby

**AFFIRMED.**

6