## 22603. CRUTCHER v. CRAWFORD LAND COMPANY, INC. et al.

ARGUED SEPTEMBER 16, 1964—DECIDED OCTOBER 8, 1964.

300

*Alton T. Milam,* for plaintiff in error.

*Grant, Spears & Duckworth, Alston, Miller & Gaines, W. M. Mathews, Jr., Ronald Reid,* contra.

DUCKWORTH, Chief Justice. ■ The foregoing statement of facts reveals that in no single alleged act of wrongdoing, did all of the defendants participate. On the contrary it shows that some defendants acted together to do certain things and some acted alone to do certain things, all of which are lumped together to make a case of alleged wrongdoing. There is nothing in the lengthy and imprecise amended petition by which the amount of liability of any defendant can be ascertained and separated from the others. The amended petition is a glaring case of multifariousness—which the law for good reason does not allow. "Distinct and separate claims of or against different persons shall not be joined in the same action." *Code* § 3-110; *Oxford &c. Corp. v. Detrex &c. Industries,* 217 Ga. 126 (121 SE2d 130). Nor does the fact that this case is one in equity allow such multifariousness. *Van Dyke v. Van Dyke,* 120 Ga. 984, 988 (48 SE 380); *White v. North Ga. Elec. Co.,* 128 Ga. 539 (58 SE 33); *George W. Muller &c. Co. v. Southern Seating &c. Co.,* 147 Ga.

106, 113 (92 SE 884); *Wilson v. Ward,* 149 Ga. 325, 329 (100 SE 205); *Payne v. West Point Wholesale Grocery Co.,* 151 Ga. 46, 51 (105 SE 608). There is no semblance of a conspiracy among the different defendants, and no common intent or act, hence *Code* § 37-1007 affords no support for the multifarious petition. Therefore, we hold that the trial court did not err in sustaining the demurrers of D. L. Knox and Paul L. Hatchett which raise the question of multifariousness. Nor was it error to refuse the prayer to make K. & V. Construction Company, Inc. a party defendant since that would have simply constituted more multifariousness.

■ The alleged conduct of Abrams and Franklin is completely lacking in alleging any misdeed or cause of action against them. The allegations in the original petition are merely, in effect, that they each own and occupy a house in this subdivision. By amendment, plaintiff further alleges that they "acted in concert with every other defendant to cause an increase in the flow of surface water onto plaintiff's land by the acts and things set forth in and throughout plaintiff's suit," and together with K. & V. Construction Company, Inc. caused trees, underbrush and debris to be removed in the erection of houses on their respective premises and "the surface of the land to be excavated, landscaped and changed to increase the flow of surface water onto plaintiff's land." These are mere conclusions of the pleader without basis in factual allegations since they had a right to do all of these things to their respective properties. Thus the judgments sustaining their general demurrers were demanded as a matter of law, and accordingly they are affirmed.

■ The remaining party defendant is Crawford Land Company in whose favor a summary judgment was entered. Admittedly, this defendant presented on the hearing of its motion for summary judgment affidavits which met the requirements of the Summary Judgment Act (Ga. L. 1959, p. 234). Sec. 5 of this Act (*Code Ann.* § 110-1205) requires that opposing and supporting affidavits "be made on personal knowledge," and "shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated herein." These affidavits showed that

this defendant was guilty of none of the acts charged against it, and that this defendant was entitled to a judgment in its favor. While not required to produce opposing affidavits, the plaintiff is clearly authorized by Sec. 2 (*Code Ann.* § 110-1202) to do so if he wishes to make an issue of the facts that must be tried by a jury. He elected not to produce counter affidavits. He now insists that since the Act provides in Sec. 3 (*Code Ann.* § 110-1203) that summary judgment as therein authorized can be rendered only "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law," the verified amended petition, which the Act requires to be considered, makes an issue in the pleadings. Plaintiff in error likewise relies upon a further provision of this section that: "Nothing in this act shall be construed as denying to any party the right to trial by jury where there are substantial issues of fact to be determined." These arguments have given us considerable trouble. It must be recognized that the Act clearly manifests an intention that in all cases where there are substantial issues of fact, a jury trial is demanded and summary judgment is unauthorized. But the Act fails to state whether such substantial issues of fact must arise from the evidence authorized on the hearing of the motion for summary judgment, or that in the absence of such issue made by the evidence, it will be sufficient if allegations in the pleadings made an issue. Upon a determination of this question depends the judgment in the present case. If issues of fact made by the pleadings will prevent summary judgment and require a jury trial, then it would be futile to produce evidence upon the hearing of a motion for summary judgment. If a petition alleges no grounds for recovery it can be dismissed on demurrer and the same is true of defensive pleadings. So the 1959 Act, supra, was not intended to operate only in such cases. We believe the Act was clearly intended to dispose of litigation expeditiously and avoid useless time and expense to go through a jury trial even though the petition fairly bristles with serious allegations, if when given notice and an opportunity to produce affidavits by persons competent to testify on their own knowl-

edge to the truth of such allegations the pleader does nothing to contradict the affidavits of the movant which show there is no right of the opposite party to prevail. It is one thing to make wide general sweeping allegations in a petition, but quite another to testify of one's own knowledge to the existence or non-existence of a fact. Courts are entitled to have a litigant produce proof by affidavit of his cause when full opportunity to do so is afforded and the movant produces proof of his right to have judgment. This is sufficient to insure that no meritorious case will be lost by summary judgment.

We think the following decisions by the Court of Appeals accord with what we have said. *Scales v. Peevy,* 103 Ga. App. 42 (118 SE2d 193); *General Gas Corp. v. Carn,* 103 Ga. App. 542 (120 SE2d 156). In the former, Judge Bell, writing for the court, at page 47, said: "We think the legislature had as a primary purpose in enacting the summary judgment procedure to allow a party to pierce the allegations of the pleadings and show the truth to the court and receive judgment where there is no genuine issue of material fact although an issue may be raised by the pleadings." We approve this statement. It goes to the heart of the purpose of the Act. Its wisdom is vividly demonstrated in the present case where a voluminous petition named several defendants and in the most general terms charged numerous acts without causal connection or common wrong, and alleged an injury therefrom. When this defendant, which was the only one left after rulings on demurrers, supported its motion by affidavits as the Act provides, the petitioner offered no evidence to make an issue of fact and contended only that his sworn allegations made issues of fact. Perhaps the Court of Appeals should not have said that on a motion for summary judgment the opposing party must submit proof or suffer judgment because counter affidavits or proof are required only when movant has offered proof. In this case the petitioner had his choice of producing counter proof and thus make an issue of fact, or do nothing, that is, create no issue of fact and suffer judgment. His contrary allegations, even though the petition is verified—but not in the manner the Act requires—do not make an issue of fact as shown by the evidence, which is what the Act means.

Therefore, there being no issue of fact produced upon the hearing therefor, summary judgment in favor of the movant was demanded.

*Judgment affirmed. All the Justices concur.*