### 47615.   TURNER v. NOE et al.

CLARK, Judge. This appeal is by a defendant landlord sued by his tenant and spouse for personal injuries sustained by the wife when the edge of a step gave way during her descent to the basement. The complaint relies upon a latent defect in construction which is bottomed upon the landlord having personally planned and supervised the construction of that portion of the residence containing the cellar steps. Landlord's defenses are based upon (1) the house having been constructed more than ten years previously with new wood being used for this staircase,

(2) exclusive possession in tenant, (3) an alleged agreement with tenant to maintain leased premises including repair of defects, together with (4) an absence of any notice, actual or constructive, concerning the alleged latent defects. In addition to the pleadings the record contains defendant's affidavit and depositions from all three parties.

"The defendant, having made the motion for summary judgment, must produce evidence which conclusively negates at least one essential element entitling plaintiff to a recovery under every theory fairly drawn from the pleadings and the evidence. [Cits.]" *Werbin & Tenenbaum, Inc. v. Heard,* 121 Ga. App. 147 (2) (173 SE2d 114). "A party who moves for summary judgment in a case premised on negligence has a considerable burden, and if the moving party is defendant, sometimes he cannot obtain a summary judgment when he might be able to secure a directed verdict at the trial of the case." *Chastain v. Atlanta Gas Light Co.,* 122 Ga. App. 90 (3) (176 SE2d 487). "The essence of [a motion for summary judgment] is that there is no genuine issue of material fact to be resolved by the trior of the facts." *McCarty v. National Life &c. Ins. Co.,* 107 Ga. App. 178 (1) (129 SE2d 408).

As the record before us presents a factual conflict between the parties as to questions of existence of a latent defect, surrender of exclusive possession, and the details of the repairs and maintenance agreement as well as exercise of legal duties such as ordinary care, the pleadings have not been pierced and defendant is not entitled to judgment as a matter of law. *Caldwell v. Gregory,* 120 Ga. App. 536 (171 SE2d 571); *U. S. Fidelity &c. Co. v. Lockhart,* 124 Ga. App. 810 (186 SE2d 362); *Manhattan Industries v. Paul,* 126 Ga. App. 595 (191 SE2d 484).

*Judgment affirmed. Eberhardt, P. J., and Deen, J., concur.*
SUBMITTED NOVEMBER 8, 1972—DECIDED JANUARY 24, 1973.

*Cochran, Camp & Snipes, Donald O. Nelson,* for appellant.

*Weston D. Baxter,* for appellees.