### 48574. ERNST v. LITTLE et al.

STOLZ, Judge. Via certificate of immediate review, the defendant appeals from the judgment of the Superior Court of DeKalb County denying his motion for summary judgment.

The complaint alleged that defendant Dana Ernst "negligently drove a motor vehicle against the rear of plaintiff's vehicle"; that as a result of the collision the plaintiff has been injured and damaged in certain ways; and that "the automobile driven by Dana Ernst was owned by the defendant L. H. Ernst . . ." and "was a family purpose vehicle." Both defendants denied all material allegations of the complaint.

Defendant L. H. Ernst made a motion for summary judgment in his favor and supported it with his affidavit to the effect that the vehicle in question was purchased solely by the son with funds earned by the son; that the car was used solely by the son, who did not reside in his parents' household; that he did not furnish the automobile to his son, *or anyone else;* and that he never had any right or interest in said vehicle. Subsequently, the depositions of the two defendants and Mrs. L. H. Ernst were taken and were before the trial court at the plaintiff's instance in opposition to the motion for summary judgment. We shall not recite the contents of the depositions at length, since we believe the contents of the deposition of Dana Ernst to be controlling in this case. The facts testified to, relating to the collision in question, establish: (1) that Dana Ernst was not driving the vehicle at the time of the collision; (2) that Dana Ernst was not riding in the vehicle at the time of the collision; (3) that the vehicle was not being driven with the knowledge, permission or consent of Dana Ernst; (4) that the identity of the driver was unknown to Dana Ernst; and (5) that, at the time of the collision, the vehicle had been stolen. No evidence has been presented which in any way contradicts any of the foregoing.

This evidence pierced the allegations of the complaint that Dana Ernst was driving the vehicle and that the automobile was being used as a family purpose vehicle at the time of the collision.

Unless rebutted by some evidence to the contrary, it required the grant of defendant L. H. Ernst's motion for summary judgment. However, the plaintiff offered nothing in contradiction of this critical evidence. "[A]n adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this section, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." Code Ann. § 81A-156 (e) (Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238); *Crutcher v. Crawford Land Co.*, 220 Ga. 298, 304 (138 SE2d 580).

*Judgment reversed. Eberhardt, P. J., and Pannell, J., concur.*

Argued September 6, 1973 — Decided September 28, 1973.

*Davis & Stringer, Robert H. Stringer,* for appellant.
*Rich, Bass, Kidd & Broome, Charles T. Bass, Bryan M. Cavan,* for appellees.