## 73324. SELPH et al. v. BROWN FORD COMPANY.
(353 SE2d 11)

SOGNIER, Judge.

The estate and family of Roy Selph, deceased, brought suit in tort against Brown Ford Company alleging negligent entrustment by Brown Ford of the vehicle which killed their deceased. The trial court granted Brown Ford's motion for judgment notwithstanding the mistrial and this appeal ensued.

On August 29, 1984, Cheryle Golden purchased a used truck from appellee with money supplied by Jack Thomas Hunt. Both Golden and Hunt were sober during the transaction and after the sale, Golden drove the truck from the lot. Golden subsequently delivered the truck to Hunt, signed the title over to him and obtained a document from him absolving her from all liability in regard to the truck. On November 2, 1984, Hunt, driving with a blood alcohol level of .24%, crashed into appellants' deceased, driving with a blood alcohol level of .14%. Appellants' deceased was dead on the scene; Hunt died later.

The trial court correctly granted appellee's motion for judgment notwithstanding the mistrial. " 'The person who may be held liable for negligent entrusting of a vehicle to another who was intoxicated or known as a habitual drunkard is ordinarily the owner of the vehicle. Such liability, however, can also be imposed upon any other person who has control over the use of the vehicle and is negligent in entrusting it to another.' [Cit.]" *Jones v. Cloud*, 119 Ga. App. 697, 701 (1b) (168 SE2d 598) (1969). There is no question that appellee neither owned nor had any control over the truck which Hunt crashed into appellants' deceased's car 64 days after the truck was sold. In *Pugmire Lincoln-Mercury v. Sorrells*, 142 Ga. App. 444 (236 SE2d 113) (1977), cited by appellants, this court pondered the question whether a dealership could be liable when it placed a vehicle in the hands of an incompetent driver who killed two people less than three hours after the alleged sale. See generally *Ditmyer v. American Liberty Ins. Co.*, 117 Ga. App. 512, 521 (160 SE2d 844) (1968). *Pugmire*, supra, is distinguishable on its facts, quite aside from the point that the court's statements on the issue relevant here are dicta. *Pugmire* did not change the requirement in Georgia that a party to be liable for the negligent entrustment of a vehicle must be the owner of the vehicle, the party in control of the vehicle, or the party who placed the vehicle in the hands of the incompetent driver. *Jones, Ditmyer*, supra. The facts in appellants' case were insufficient as a matter of law to entitle appellants to a judgment against appellee. Thus, the trial court did not err by granting appellee's motion for judgment notwithstanding the mistrial. See generally *Pitts Truck Air v. Mack Trucks*, 173 Ga. App. 801, 802-803 (1) (328 SE2d 416) (1985).

*Judgment affirmed. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED JANUARY 9, 1987 —
REHEARING DENIED JANUARY 21, 1987 —

*J. Hugh Gordon*, for appellants.
*Glenn Whitley*, for appellee.