### A91A0433. BARBER v. THRELKELD FORD.
(406 SE2d 249)

BEASLEY, Judge.

Barber owned a Ford pickup truck which was destroyed when its engine suddenly caught fire. He had previously experienced problems with the vehicle's engine. This led to the performance of several repairs to the engine by Threlkeld Ford, which had replaced the engine twice. Barber, alleging negligent operation, negligent repair, and res ipsa loquitur, sued Ford for the loss of the vehicle. The trial court granted summary judgment to Threlkeld Ford.

Defendant's first interrogatories and requests for admissions went unanswered, so it moved for summary judgment based on the admissions. Plaintiff then filed answers to the interrogatories, a motion to withdraw admissions, and a simple denial of each request for admissions.

In the interrogatories defendant asked plaintiff to "state in detail each negligent act or omission which you contend the defendant, through its agents and employees, committed with regard to the incident which is the subject of this lawsuit." Plaintiff stated, "I took the vehicle back to the defendant on many occasions and told him it was not running right and that it was using excessive amounts of gas. They replaced the original engine twice and it still did not run right, but every time I took it back they said there was nothing wrong."

Plaintiff later replied to defendant's motion for summary judg-

ment by filing a letter report from Herbert Childs to plaintiff and to the insurer of plaintiff's vehicle, stating: at the insurer's request he had inspected the vehicle; the area of greatest fire exposure is in the vicinity of the rear of the engine's left side; this indicates that the fire likely originated in this area, which contains the fuel lines from the tanks; inspection of the remains of the fuel lines indicated no remains of clamping devices were present; the fire is thus indicated to be the result of fuel escaping in the vicinity of the rear left side of the engine; replacement of the engine would require that most, if not all, components related to the engine would need to be transferred to the replacement engines; this in turn would require that the fuel system be disconnected, which provides the opportunity for damage to the clamps and connectors; some of the fuel system clamps are recommended to be replaced each time they are removed; no clamps are listed as repair parts on the service records thus far provided; the cause of the fire is therefore likely related to repairs made by the service facility instead of a defect as manufactured.

At a hearing thereafter, the court orally allowed withdrawal of the admissions, and the parties were given an opportunity to submit supplemental letter briefs with regard to the other aspects of defendant's motion for summary judgment.

In its order, the court noted that the only support for plaintiff's allegation that defendant had negligently repaired the truck was the letter from Childs. It ruled that Childs' letter "is, at best, only a conclusion" and that plaintiff had not offered any sworn testimony from Childs or made any showing that he is an expert in accident investigations, though given an opportunity to do so. It also noted that the last time defendant repaired the truck was approximately two months before the accident. The court rejected plaintiff's reliance on the doctrine of res ipsa loquitur.

Childs' letter does not qualify as an affidavit. See *Thomasson v. Trust Co. Bank*, 149 Ga. App. 556, 557 (254 SE2d 881) (1979). The contents of the letter therefore amount to no more than factual allegations additional to those in the pleadings. However, in ruling on a motion for summary judgment, the court must take into consideration "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. . . ." OCGA § 9-11-56 (c); *Crutcher v. Crawford Land Co.*, 220 Ga. 298, 303 (3) (138 SE2d 580) (1964).

" 'The burden of showing the absence of a genuine issue of any material fact rests on the party moving for summary judgment; no duty devolves upon the opposing party to produce rebuttal evidence unless the movant first makes a prima facie showing of a right to a summary judgment. [Cits.]' [Cit.]" *Lockhart v. Walker*, 124 Ga. App. 241 (183 SE2d 503) (1971).

Thus, as was held in *Crutcher*, where defendant submitted affidavits showing that defendant was not guilty of the acts charged against it, plaintiff could not rest on the allegations of his pleadings but was required to submit counter affidavits or other proof showing that there was an issue for trial. See OCGA § 9-11-56 (e); *Summer-Minter & Assoc. v. Giordano*, 231 Ga. 601, 604 (203 SE2d 173) (1974). But "counter affidavits or proof are required only when movant has offered proof." *Crutcher*, supra at 304.

Where defendant introduces no evidence on a factual issue arising from plaintiff's complaint, the defendant's motion for summary judgment should not be granted, an evidentiary response by plaintiff is not required until the defendant pierces the allegations of plaintiff's pleadings. *Alexander v. Boston Old Colony Ins. Co.*, 127 Ga. App. 783, 784-785 (2) (195 SE2d 277) (1972). In order to pierce the allegations of plaintiff's pleadings and establish an entitlement to summary judgment, the defendant must make an affirmative showing that the undisputed facts would not entitle plaintiff to recover under any discernible circumstances. *Lockhart*, supra at 241.

Defendant Threlkeld Ford did not pierce the allegations of the pleadings, as by submitting evidence showing the repairs made by it on the truck and conclusively negating "at least one essential element entitling plaintiff to a recovery under every theory fairly drawn from the pleadings and the evidence." *Turner v. Noe*, 127 Ga. App. 870, 871 (195 SE2d 463) (1973).

Although the pleadings are not evidence, they must be considered in order to show "the causes alleged in order that by comparison with the evidence it can be determined if the movant should prevail." *Crutcher*, supra at 299 (3).

There being genuine issues of material fact for trial, summary judgment was not warranted.

*Judgment reversed. Banke, P. J., and Carley, J., concur.*

DECIDED MAY 28, 1991.

Berlin & Hodges, Robert A. Berlin, for appellant.
*Newton, Smith, Durden, Kaufold & McIntyre, Wilson R. Smith,* for appellee.