A97A0417. WELLS et al. v. VI-MAC, INC.
(486 SE2d 400)

POPE, Presiding Judge.

Steven Wells was seriously burned while "priming" his carburetor at a gas station owned and operated by Doug Miller, d/b/a Highway 29 Texaco. Vi-Mac, Inc. leased the station's property and equipment to Miller, and also supplied Miller with Texaco gasoline. Steven Wells and his wife sued Vi-Mac in addition to Miller and Texaco, but the trial court granted Vi-Mac's motion for summary judgment. We agree with the trial court that Vi-Mac cannot be held vicariously liable for Miller's negligence as a matter of law, and therefore affirm.

Viewing the evidence favorably to plaintiffs, it appears that Steven Wells was having trouble with his truck and went to Miller's Texaco station. After he put in gas, the truck would not start. With Miller at the steering wheel, Wells then "primed" the carburetor by pouring gasoline directly on it. Miller cranked the engine before Wells had reached a safe distance, and fire shot out of the carburetor and ignited Wells.

1. The Wells argue that Vi-Mac is liable for Miller's negligence because Miller was acting as its agent or joint venturer. The undisputed evidence shows, however, that the relationship between Vi-Mac and Miller was purely a contractual one between two independent businesses. Vi-Mac was Miller's lessor and supplier: Miller paid Vi-Mac a set fee to lease the property and equipment, and also paid for the Texaco gas Vi-Mac provided and delivered. The Wells' assertion that Vi-Mac exercised a high degree of control over Miller's business is not borne out by the record, which shows that Vi-Mac could require Miller to sell only Texaco products and comply with Texaco standards for cleanliness and appearance, but could not otherwise control Miller's hours or manner of operation. Cf. *McMullan v. Ga. Girl Fashions*, 180 Ga. App. 228, 230 (2) (348 SE2d 748) (1986)

(franchisor may exercise some degree of control to protect its national reputation, but still forego that degree of control which would subject it to vicarious liability for negligence of franchisee). As Vi-Mac did not control Miller's hours or manner of operation, Miller was not its agent. See OCGA § 10-6-1; *McMullan*, 180 Ga. App. at 230 (2). And as Vi-Mac and Miller did not have mutual rights of control, there was no joint venture. See *Pope v. Goodgame*, 223 Ga. App. 672, 674 (2) (c) (478 SE2d 636) (1996). Accordingly, the trial court did not err in granting summary judgment on this ground.

2. The Wells also contend that Vi-Mac is vicariously liable for Miller's negligence under OCGA § 51-2-5 (2). This subsection provides that when a person employs another to do work which is inherently dangerous (i.e., it is dangerous no matter how carefully it is performed), the employer who wants the inherently dangerous work done is liable for the negligence of the worker, even though the worker is an independent contractor rather than an employee.

Contrary to the Wells' contention, OCGA § 51-2-5 by its terms generally would not apply to chain-of-distribution scenarios such as the one presented here. Vi-Mac was Miller's lessor and supplier — not his employer in any sense. It did not hire him to perform a service, but instead agreed to provide him with property and goods in return for payment.

Moreover, even if we could say Vi-Mac "employed" Miller to sell gas when it agreed to supply him with gas to sell, OCGA § 51-2-5 (2) still would not apply because the sale of gas is not inherently dangerous, but becomes dangerous only when done negligently. See *Allen v. Cooper*, 145 Ga. App. 555 (244 SE2d 98) (1978) (assuming arguendo that the direct seller of Standard Oil gas was the independent contractor of Standard Oil). The Wells suggest we focus on the dangerousness of priming carburetors rather than the dangerousness of selling gas. But even if we could stretch to accept the notion that Vi-Mac "employed" Miller to perform a service, we clearly could not accept the notion that it employed him to perform the service of priming carburetors rather than the service of selling its gas to the public; and that is what we would have to do to make this Code section apply.

3. Lastly, the Wells assert that Vi-Mac is liable based on its failure to warn that gas should not be used to prime carburetors in this manner. As a bulk supplier of gas to a knowledgeable distributor, however, Vi-Mac had no duty to warn of gasoline's dangerous propensities. See *Exxon Corp. v. Jones*, 209 Ga. App. 373, 374-376 (433 SE2d 350) (1993).

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED APRIL 24, 1997 — Before Judge Grant.

*Thomas M. Strickland, Benjamin C. Free*, for appellants.
*Dermer & Black, Richard W. Brown*, for appellee.