## A03A0020. JENNINGS et al. v. PSYCHIATRIC HEALTH SERVICES, INC.

(573 SE2d 115)

ELDRIDGE, Judge.

On October 28, 1998, Norris Daniel Jennings, Jr., deceased, committed suicide after being discharged on October 21, 1998, from the Houston Medical Center where he had been admitted for a drug overdose incident to suicide ideation. Dr. Paul R. Coplin, psychiatrist, was sued for malpractice regarding the care of the deceased during his hospitalization and the discharge of the deceased from the hospital. Psychiatric Health Services, Inc. was sued as the respondeat superior of Dr. Coplin. On July 3, 2002, the trial court granted summary judgment to Psychiatric Health Services, Inc., because there was no evidence that it was Dr. Coplin's employer. Finding no error we affirm.

Plaintiff contends that the trial court erred in granting summary judgment. We do not agree.

Although Psychiatric Health Services, Inc. was incorporated by Dr. Coplin, he practiced in his individual name and as Paul R. Coplin, M.D., P.C., d/b/a Psychiatric Health Services, a trade name and never practiced as or worked for Psychiatric Health Services, Inc. Dr. Coplin did not practice as or treat the deceased either as agent or employee of Psychiatric Health Services, Inc. All billing for the deceased was rendered either by Dr. Coplin individually or by Paul R. Coplin, M.D., P.C. Further, Psychiatric Health Services, Inc. is not now and nor has it been in the past an active and viable corporation; it does not bill for the services of either Dr. Paul R. Coplin or Paul R. Coplin, M.D., P.C., d/b/a Psychiatric Health Services.

On April 12, 2002, plaintiff submitted a document that contained the signatures of Betty Opal Jennings and Norris Daniel Jennings, Sr., acknowledged by but not sworn to before a notary public, which stated:

> As parents of Norris Daniel Jennings (Danny), it was our understanding that Dr. Coplin and Dr. Horowitz were doctors of a business called Psychiatric Health Services Inc. This was indicated on the letterhead of bills we received and on their sign at their place of business. Dr. Coplin was Danny's primary doctor at Psychiatric Health Services Inc.

This does not constitute an affidavit because there is no jurat stating that the witnesses were sworn in the presence of a notary public; stating such facts under oath of their own knowledge; and stating such document was signed in the presence of a notary. Such document does not constitute a valid affidavit and has no probative value,

because it was not sworn to before a notary public. OCGA § 9-11-56 (e); *Sambor v. Kelley*, 271 Ga. 133, 134 (3) (518 SE2d 120) (1999); *Schmidt v. Feldman*, 230 Ga. App. 500, 501 (1) (497 SE2d 23) (1998).

The portions of a telephone directory alone, without an affidavit authenticating such pages, had no probative value and were not admissible as evidence in opposition to the motion. OCGA § 9-11-56 (e); *Paulin v. Okehi*, 264 Ga. 604, 605 (449 SE2d 291) (1994) (medical records not certified or authenticated by affidavit or deposition); *Barber v. Threlkeld Ford*, 199 Ga. App. 787, 788 (406 SE2d 249) (1991) (letter not in the form of an affidavit); *Pratt v. Tri City Hosp. Auth.*, 193 Ga. App. 473, 474 (388 SE2d 69) (1989) (the affidavit did not have attached the records relied upon); *Bush v. Legum*, 176 Ga. App. 395 (1) (336 SE2d 284) (1985) (document without an authenticating affidavit). At best, the statements by the Jenningses constituted a mere legal conclusion of agency which was not admissible. OCGA § 9-11-56 (e); *Sullivan v. Fabe*, 198 Ga. App. 824, 825-826 (1) (403 SE2d 208) (1991).

> Where the only evidence that a person is an agent of another party is the mere assumption that such agency existed, or an inference drawn from the actions of that person that he was an agent of another party, such evidence has no probative value and is insufficient to authorize a finding that such an agency exists. It has long been the Georgia rule that one who is a party to the alleged relationship (the principal or agent) may testify as a fact as to the existence or non-existence of the relationship and that such testimony would not be subject to the objection that the statement was a conclusion or the ultimate fact. The denial of the existence of any agency relationship may thus constitute an uncontradicted fact which will sustain a motion for summary judgment. Where the other party attempts to controvert this fact by circumstantial evidence it must be evidence sufficient to support a verdict. The circumstantial evidence must tend to establish the conclusion projected while rendering less probable all inconsistent conclusions.

(Citations and punctuation omitted.) *Bennett v. Miller*, 188 Ga. App. 72, 74 (371 SE2d 903) (1988).

Further, to the extent that Dr. Coplin in his answer initially admitted that he was an agent for Psychiatric Health Services, Inc., such admission in judicio was withdrawn by timely amendment, allowing positive evidence of the contrary to overcome it as an admission. Thus, *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680) (1986), has no application under the facts of this case,

because the pleadings were not verified or otherwise given under oath, which is necessary for such evidentiary rule to apply. *Wahnschaff v. Erdman*, 232 Ga. App. 77, 80 (2) (502 SE2d 246) (1998).

Thus, the record is devoid of any evidence that Psychiatric Health Services, Inc. controlled the time, manner, and method of work of Paul R. Coplin, M.D., either as an employee or agent; in fact, the uncontradicted evidence shows the very opposite, that there was no agency or employment. See *Goins v. Tucker*, 227 Ga. App. 524, 528 (4) (489 SE2d 857) (1997), limited on other grounds, *Lee v. State Farm &c. Ins. Co.*, 272 Ga. 583, 588, n. 8 (533 SE2d 82) (2000).

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED OCTOBER 21, 2002.

*Nelson & Smith, Ellis M. Nelson*, for appellants.

*Chambless, Higdon & Carson, Joseph H. Chambless, David N. Nelson*, for appellee.