## A02A1333. DIX v. SHADEED.
(581 SE2d 747)

SMITH, Chief Judge.

Janice Miller brought this medical malpractice action against Baheeg Shadeed, M.D., B. Shadeed, M.D., P.C. a/k/a Baheeg L. Shadeed, M.D., P.C., and Elite Surgical, P.C. B. Shadeed, M.D., P.C. moved for summary judgment and to transfer for improper venue, and Miller filed a cross-motion for summary judgment on the issues of agency and venue. In a lengthy and detailed order, the trial court denied Miller's motion and granted the motion of B. Shadeed, M.D., P.C.

This appeal followed, and it addresses only the issue of venue as to B. Shadeed, M.D., P.C.; the merits of the case are not involved and remain pending with respect to the other parties. After Janice Miller's death during the pendency of this appeal, Cheryl Dix, the administratrix of her estate, was substituted as plaintiff/appellant. We affirm the trial court's order.

Miller brought this action in DeKalb County State Court. Miller herself, the defendant physician Baheeg Shadeed, M.D., and the physician's professional corporation, Elite Surgical, P.C., are all residents of Cobb County. B. Shadeed, M.D., P.C. ("the DeKalb P.C.") is a profes-

---

[7] *Driggers v. Campbell*, 247 Ga. App. 300, 302 (1) (543 SE2d 787) (2000).

sional corporation, incorporated in 1993, which had an office located in DeKalb County before the events giving rise to this action. In 1998, Dr. Shadeed closed this office and ceased to conduct business at that address. The corporation, although it was not formally dissolved with the Secretary of State's office, officially ceased business operations by April 1999. Defendant Elite Surgical, P.C. ("the Cobb P.C.") was incorporated on April 5, 1999, and its office is located in Cobb County. Miller first sought treatment from Dr. Shadeed on August 31, 1999, and she was treated at all times at the Cobb County office.

Liability of the DeKalb P.C. is based on the allegation that Dr. Shadeed

> performed his duties as a medical doctor while acting as an employee, agent and servant of the professional corporation, Defendant B. Shadeed M.D., P.C. acting within the course and scope of his employment. Said professional corporation is thereby liable for the medically negligent acts and omissions as outlined hereinabove which were committed by Defendant Baheeg Shadeed, M.D.

1. Agency may be demonstrated in two ways: actual or apparent agency.

> An employer generally is not responsible for torts committed by his employee when the employee exercises an independent business and in it is not subject to the immediate direction and control of the employer. OCGA § 51-2-4. In the absence of evidence of actual control, the test distinguishing an employee from an independent contractor is whether the employer assumed the right to control the time, manner and method of executing the work, as distinguished from the right merely to require certain definite results in conformity to the contract.

(Citation and punctuation omitted.) *Fortune v. Principal Financial Group*, 219 Ga. App. 367, 368 (1) (465 SE2d 698) (1995). In order to show actual agency, Dix must demonstrate that the DeKalb P.C. assumed the right to control the time, manner, and method of Dr. Shadeed's work. *Holmes v. Univ. Health Svc.*, 205 Ga. App. 602, 603 (423 SE2d 281) (1992). Dix argues that the DeKalb P.C. was still in existence. But this is not sufficient to show actual agency. As the trial court correctly noted, the uncontradicted evidence demonstrated that the DeKalb P.C. was not operating *as a medical practice* at the time Miller began treatment with Dr. Shadeed, and the doctor therefore did not provide medical services to Miller as an actual agent of the inactive DeKalb P.C.

*Jennings v. Psychiatric Health Svcs.*, 258 Ga. App. 111 (573 SE2d 115) (2002), relied on by Dix in her reply brief, in fact supports the conclusion reached by the trial court. In *Jennings*, we held that the trial court correctly granted summary judgment to a doctor's professional corporation because it was not "an active and viable corporation," the doctor did not practice or treat the deceased as an agent or employee of the corporation, id., and the corporation did not control the time, manner, or method of the doctor's work. Id. at 113.

It is true that billing records may be used to prove or disprove an agency relationship. In *Jennings*, the billings simply reinforced the physician's contention that he did not act as the corporation's agent or employee. Here, in contrast, Dix points to a bill referring to both "Baheeg L. Shadeed MD" and "Baheeg L Shadeed MD PC" as evidence of agency because Miller was billed by the DeKalb P.C. But the second name is not identical to that of the DeKalb P.C., which is "B. Shadeed, M.D., P.C.," and that second name appears over the Cobb County rather than the DeKalb County address. The DeKalb County address appears nowhere on the bill.

Dix also points to the fact that the DeKalb P.C. was never formally dissolved, that a form Miller received included the old DeKalb County address as well as the Cobb County address, that a "Baheeg L. Shadeed, M.D., P.C." was also covered as an additional insured on the medical malpractice policy issued to Dr. Shadeed personally, and that the DeKalb County address as a scheduled location was not deleted from the policy until March 2000. Finally, in 1999 a bank instituted a legal action against B. Shadeed, M.D., P.C. for failure to repay a loan.

The trial court correctly noted, however, that this evidence points only to the continued legal existence of the DeKalb P.C., not its operation as a medical practice or its control of the time, manner, or method of Dr. Shadeed's work. At most, the facts pointed to by Dix merely suggest the possibility of an agency relationship. "In passing upon a motion for summary judgment, a finding of fact which may be inferred but is not demanded by circumstantial evidence has no probative value against positive and uncontradicted evidence that no such fact exists." (Citation and punctuation omitted.) *Withrow Timber Co. v. Blackburn*, 244 Ga. 549, 553 (261 SE2d 361) (1979). "Exhibiting the mere possibility of a control situation falls short of the 'specific facts' required. [Cits.]" *Dennis v. Malt*, 196 Ga. App. 263, 266 (4) (395 SE2d 894) (1990). The trial court correctly concluded that no question of material fact existed with respect to an agency relationship between Dr. Shadeed and the DeKalb P.C. at the time Miller received medical treatment.

2. Dix insists in her reply brief that "[a]ppellant always presented this case as an actual agency relationship." Because Dix

therefore appears to have abandoned any argument with respect to the doctrine of apparent agency, we do not consider it.

*Judgment affirmed. Ruffin, P. J., and Miller, J., concur.*

DECIDED MAY 6, 2003.

*Hill & Bleiberg, Robert P. Bleiberg,* for appellant.

*Carlock, Copeland, Semler & Stair, Thomas S. Carlock, Ashley E. Taylor,* for appellee.