## A05A0367. WEBB v. DAY et al.
### (615 SE2d 570)

MILLER, Judge.

Marvin Webb appeals from the trial court's grant of summary judgment to Don W. Day and Don W. Day Construction Company, Inc. on Webb's personal injury claim. We find no error and affirm.

To prevail on a motion for summary judgment, the moving party must demonstrate that there is no genuine issue of material fact, and that the undisputed facts, viewed in a light most favorable to the party opposing the motion, warrant judgment as a matter of law. OCGA § 9-11-56 (c); *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Our review of a grant of summary judgment is de novo, and we view the evidence and all reasonable inferences drawn from it in the light most favorable to the nonmovant. *Supchak v. Pruitt*, 232 Ga. App. 680, 682 (1) (503 SE2d 581) (1998).

Viewed in the light most favorable to Webb, the evidence shows that Day entered into an oral agreement with Pike Creek Turf Farms ("Pike Creek") to build a house on its property. Pike Creek agreed to compensate Day by the hour plus costs. Day furnished his own work crew to perform the carpentry, and subcontracted the electrical, plumbing, and roofing work.

Day rented a forklift, which was delivered to the Pike Creek construction site on June 1, 1999. Pike Creek reimbursed Day for the cost of renting the forklift. Day told the rental company that he intended to use the forklift to put decking on the house, and that Pike Creek could use the machine for trimming tree limbs. A representative of the rental company explained the operation of the forklift to Day, including a leveling indicator located on the windshield. Day then used the forklift to put the decking on the house. Day also used the forklift to lift a Pike Creek employee, Dake Boling, into the air so that Boling could trim limbs from two oak trees.

On June 2, 1999, Day left the construction site around 4:00 p.m. After Day left, Boling decided to use the forklift to trim tree limbs on the Pike Creek premises. Boling believed that the forklift was available for use by Pike Creek employees and had previously spoken to Day about using the machine. Day was certain that he told Boling about the level indicator located on the windshield post, although Boling deposed that Day did not explain how to level the forklift.

Boling asked for Webb's assistance in trimming the tree limbs. He deposed that trimming hazardous limbs was part of his job in maintaining the farm, and he was the person who made the decision to trim the limbs. Webb got onto a plyboard platform which had been previously attached to the forks of the forklift by Day and his crew, and Boling used the forklift to raise Webb 30 feet or more into the air so Webb could reach the tree limbs. When Webb was using his chainsaw to trim limbs off of a pine tree, the forklift tipped over. Webb fell to the ground and was injured.

1. Webb contends the trial court erroneously found that his affidavit contained inadmissible hearsay. We disagree.

In his affidavit, Webb averred that "[w]hen I arrived at the construction site, Dake Boling informed me that Don Day asked him to cut some tree limbs which were close to the house so that Day would be able to continue constructing the roof the following day." Though Webb admits that the statement is hearsay, he contends nonetheless that Boling was acting as Day's agent and that Boling's statement was admissible as a statement of a party opponent under OCGA § 24-3-33.

"Agency is the relationship which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act." (Citations omitted.) *Smith v. Merck*, 206 Ga. 361, 368 (1) (a) (57 SE2d 326) (1950). Boling worked for Pike Creek, not for Day. Boling's use of the forklift was consistent with Boling's responsibilities as a Pike Creek employee, and there is no evidence that Day, who had left the job site when Webb was injured, had the right to control the time and manner of Boling's work. See, e.g., *Dix v. Shadeed*, 261 Ga. App. 145,

146 (1) (581 SE2d 747) (2003) (in order to show actual agency, purported principal must assume the right to control the time, manner, and method of the purported agent's work). Nor can Boling be said to have been an apparent agent of Day, since Day did not represent Boling to be his agent. See *Anderson v. Turton Dev.*, 225 Ga. App. 270, 275 (2) (b) (483 SE2d 597) (1997) (essence of the doctrine of apparent agency is that one represents that another is one's agent).

We thus conclude that the evidence does not support the finding of an agency relationship between Boling and Day, and that the trial court was therefore correct in not considering the hearsay statement for purposes of Day's motion for summary judgment. See *Harrell v. Fed. Nat. Payables*, 264 Ga. App. 501, 504 (3) (591 SE2d 374) (2003) (hearsay evidence must be eliminated from consideration in a motion for summary judgment).

2. Webb further claims that material issues of fact remain as to whether Day negligently entrusted the forklift to Boling. We disagree.

"Under the doctrine of negligent entrustment, a party is liable if he entrusts someone with an instrumentality, with *actual* knowledge that the person to whom he has entrusted the instrumentality is incompetent by reason of his age or inexperience, or his physical or mental condition, or his known habit of recklessness." (Citation and punctuation omitted; emphasis in original.) *Murphy v. Blue Bird Body Co.*, 207 Ga. App. 853, 859 (6) (429 SE2d 530) (1993). Although Day did not own the forklift, liability extends to a person who had control over the use of a vehicle and negligently entrusted it to another. See *Selph v. Brown Ford Co.*, 181 Ga. App. 547 (353 SE2d 11) (1987). However, both Day and Boling believed Boling, as a Pike Creek employee, was entitled to use the machine, and Day did not have control of the forklift because he did not have the right to permit or prohibit its use by Boling after Day left the job site. Compare *Jones v. Cloud*, 119 Ga. App. 697, 701-702 (1) (b) (168 SE2d 598) (1969) (where defendant had the right to permit and prohibit the use of the vehicle, he could be liable for negligent entrustment of the vehicle).

Even if we assume there is evidence to show that Day had control of the forklift and entrusted the machine to Boling, there is no evidence that Day had actual knowledge that Boling was incompetent or had a known habit of recklessness. To the contrary, there was evidence that Boling was competent to operate a forklift. Boling had operated forklifts on "numerous occasions" during the course of his duties at Pike Creek, was experienced in the operation of heavy machinery, and had been trained not to lift persons on a forklift. Thus Day had no reason to believe that a person of Boling's experience was not a competent forklift operator.

Webb also contends that Day had actual knowledge that Boling was going to use the machine in an unsafe and improper manner by lifting someone into the air balanced on the forks of the machine, as Day had done with Boling previously. It is true that Day had previously used the forklift to raise Boling into the air to trim tree limbs. Even so, however, evidence concerning Day's use of the forklift is not evidence of Day's actual knowledge that Boling intended to use the forklift in the same unsafe manner as Day had. Nor can Webb argue that Day should have known that Boling would use the forklift in an unsafe way, since "[i]t is not sufficient . . . for a plaintiff to show constructive knowledge, i.e., that the entrustor should have known the person being entrusted was not competent." (Citation omitted.) *Upshaw v. Roberts Timber Co.*, 266 Ga. App. 135, 137 (2) (596 SE2d 679) (2004).

3. Finally, though the trial court made no specific finding on the issue of causation, Webb contends the trial court erroneously concluded that Day did not proximately cause Webb's injuries.

Causation is one of the elements of a negligence claim. "[T]o recover for injuries caused by another's negligence, a plaintiff must show four elements: a duty, a breach of that duty, causation and damages." (Citations and punctuation omitted.) *Johnson v. American Nat. Red Cross*, 276 Ga. 270, 272 (1) (578 SE2d 106) (2003). Since Webb has failed to show evidence of a failure by Day to conform to a recognized duty or obligation, we need not reach the question whether there was a sufficiently close causal connection between Day's conduct and Webb's injury.

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED JUNE 1, 2005.

*Thomas L. Kirbo III*, for appellant.

*Nelson, Mullins, Riley & Scarborough, Richard B. North, Jr., Michael V. Herskowitz, Young, Thagard, Hoffman, Smith & Lawrence, James B. Thagard*, for appellees.