A06A2351. SATISFACTION & SERVICE HOUSING, INC.
v. SOUTHTRUST BANK, INC.
(642 SE2d 364)

RUFFIN, Judge.

Satisfaction & Service Housing, Inc. ("S&S Housing") brought a declaratory judgment action to ascertain whether an agency relationship existed between SouthTrust Bank, Inc. ("SouthTrust") and Bergen Acceptance Corporation ("Bergen") such that SouthTrust could be held liable for Bergen's debt.[1] The trial court granted SouthTrust's motion for summary judgment, finding no evidence that such agency relationship existed. For reasons that follow, we affirm.

---

[11] *Felton Pearson Co. v. Nelson,* 260 Ga. 513, 514 (397 SE2d 431) (1990).
[12] Id. at 515.
[13] *Cambron,* supra.
[1] SouthTrust was a defendant, but Bergen was not a party to the declaratory judgment action.

To prevail on a motion for summary judgment, the moving party must demonstrate that there is no genuine issue of material fact, and that the undisputed facts, viewed in a light most favorable to the party opposing the motion, warrant judgment as a matter of law.[2] On appeal from the grant of a motion for summary judgment, we apply a de novo standard of review.[3]

So viewed, the evidence shows that Bergen purchased manufactured housing loans and resold them to specific investors. Bergen only purchased loans that an investor had already approved. At times, Bergen sold loans to multiple investors. In 2000, Bergen and SouthTrust entered into an agreement in which Bergen proposed to sell such loans to SouthTrust, subject to SouthTrust's approval of the loans. SouthTrust set certain criteria for the loans it purchased, including a minimum credit score for the homeowner. SouthTrust also set the base interest rate for the loans, but allowed Bergen to raise the rate a small amount — up to 1 1/2 percent — as payment to Bergen.

In 2002, S&S Housing, a mobile home dealer, entered into a contract with Randy and Linda Morris for the sale of a manufactured home. S&S Housing assigned the Morris contract to Bergen for funding, in exchange for Bergen's promise to pay $75,862.30. Bergen then assigned the Morris contract to SouthTrust in exchange for an amount in excess of the principal, which SouthTrust paid to Bergen. Thereafter, Bergen filed for bankruptcy before it paid S&S Housing the money it owed under the original assignment of the Morris contract.

S&S filed the instant case to recover from SouthTrust the funds owed under the Morris contract. S&S did not contend that South-Trust has a contractual obligation to pay the money. Instead, S&S sought a declaratory judgment, asserting that SouthTrust was liable to S&S for the money owed because Bergen acted as SouthTrust's agent and merely facilitated the loan purchase for SouthTrust. SouthTrust moved for summary judgment, disputing that Bergen acted as its agent, and the trial court granted the motion.

In its sole enumeration of error, S&S contends that the trial court erred in concluding that there was no agency relationship between Bergen and SouthTrust. In Georgia, an agency relationship is created "wherever one person, expressly or by implication, authorizes another to act for him or subsequently ratifies the acts of another in his

---

[2] See OCGA § 9-11-56 (c); *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).
[3] See *McCaskill v. Carillo*, 263 Ga. App. 890 (589 SE2d 582) (2003).

behalf."[4] Thus, it is the actions of the principal that create an agency relationship.[5]

To prove actual agency, the purported principal must have assumed the right to control the method, manner, and time of the purported agent's work, "as distinguished from the right merely to require certain definite results in conformity to the contract."[6] The right to control the purported agent's time means the right to control the hours of work.[7] The right to control the method and manner of work means the right to tell the purported agent "how to perform all details of the job, including the tools he should use and the procedures he should follow."[8]

Here, the record is devoid of any evidence that SouthTrust assumed the right to control the time, manner, and method of Bergen's work. The fact that Bergen earned money from the loans it sold to SouthTrust does not show that SouthTrust assumed such control over Bergen's work.[9] Neither does SouthTrust's requirement that the loans it purchased meet certain criteria establish control.[10] Thus, the trial court properly concluded that there was no actual agency relationship between Bergen and SouthTrust.

Nor can Bergen be said to have been an apparent agent of SouthTrust. "Apparent authority to do an act is created as to a third person when the statements or conduct of *the alleged principal* reasonably cause the third party to believe that the principal consents to have the act done on his behalf by the purported agent."[11] S&S contends that "SouthTrust held out Bergen as its agent." To support this assertion, S&S states that it understood that SouthTrust would be financing the loan because the funding package named SouthTrust, and because SouthTrust funded all previous loans between Bergen and S&S.[12] However, S&S fails to provide any evidence

---

[4] OCGA § 10-6-1.

[5] See *Ellis v. Fuller*, 282 Ga. App. 307, 309 (1) (638 SE2d 433) (2006).

[6] *Dix v. Shadeed*, 261 Ga. App. 145, 146 (1) (581 SE2d 747) (2003); see also *Webb v. Day*, 273 Ga. App. 491, 492-493 (1) (615 SE2d 570) (2005).

[7] See *Rains v. Dolphin Mtg. Corp.*, 241 Ga. App. 611, 613 (2) (525 SE2d 370) (1999); *Neese v. Britt Home Furnishings*, 222 Ga. App. 292, 293 (2) (474 SE2d 44) (1996).

[8] *Rains*, supra.

[9] See id. at 614.

[10] See, e.g., *BP Exploration & Oil v. Jones*, 252 Ga. App. 824, 825-826 (1) (a) (558 SE2d 398) (2001) (requiring compliance with certain standards does not equate to controlling the manner and method of work such that an agency relationship is created) (physical precedent only); *Asbell v. BP Exploration & Oil*, 230 Ga. App. 700, 703 (1) (497 SE2d 260) (1998); *Wells v. Vi-Mac, Inc.*, 226 Ga. App. 261 (1) (486 SE2d 400) (1997).

[11] (Punctuation omitted; emphasis in original.) *Augusta Surgical Center v. Walton & Heard Office Venture*, 235 Ga. App. 283, 286 (2) (508 SE2d 666) (1998).

[12] S&S fails to support these assertions with references to the record, in violation of Court of Appeals Rule 25 (c) (3) (i). We will not cull the record on behalf of S&S. See *Migmar, Inc. v.*

that *SouthTrust* engaged in conduct that caused S&S to believe that Bergen was its agent. Thus, its claim of apparent agency fails as a matter of law, and the trial court properly granted summary judgment to SouthTrust.[13]

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED FEBRUARY 22, 2007.

*Lloyd D. Murray, Christy C. Balbo*, for appellant.
*Franklin, Taulbee, Rushing, Snipes & Marsh, William K. McGowan*, for appellee.

---

*Williams*, 281 Ga. App. 870, 871 (1) (637 SE2d 471) (2006).
[13] See *Augusta Surgical Center*, supra at 287.